**Richard V. SKAGEN, Plaintiff–Appellant,**

v.

**SEARS, ROEBUCK & COMPANY, Defendant–Appellee.**

**No. 89–2801.**

United States Court of Appeals, Seventh Circuit.

Argued June 20, 1990.

Decided Aug. 23, 1990.

Ashley S. Rose, Wheaton, Ill., for plaintiff-appellant.

Lawrence M. Cohen, Martin K. Denis, Barbara B. Levine, Fox & Grove, Chicago, Ill., for defendant-appellee.

Before FLAUM and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

MANION, Circuit Judge.

Plaintiff Richard Skagen brought this action against Sears, Roebuck and Company ("Sears"), his former employer of twenty-nine years, for wrongful discharge in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). On appeal, Skagen claims that summary judgment was improper because he had made out a prima facie case of age discrimination and constructive discharge. We affirm.

## I. BACKGROUND

Skagen worked for Sears at its Chicago headquarters as the national credit marketing manager until Sears announced a restructuring of its corporate organization. Skagen had reported to Fred Weimer, the general assistant to the vice president of credit, who in turn reported to Peter Fisher, the credit vice president. Under the new structure, the national credit manager would report directly to Fisher. The restructured position would also include responsibility for 500 telemarketing personnel, a greatly increased budget, and responsibility for developing all of Sears' marketing strategies instead of just the headquarters' strategies. Fisher hired Alan Hubbard, one of Skagen's co-workers in the credit department, for the job. Skagen continued on with most of his accustomed activities, maintained the same benefits, and received a pay increase in August 1986.

Skagen testified on deposition that after he was replaced by Hubbard, he asked his former boss, Weimer, whether age was the reason he was replaced. Weimer reportedly replied that age might have been the reason but that he did not know for sure. In December 1986, Skagen informed Sears that he was taking an early retirement to pursue other interests. He was fifty-eight-years-old at the time, while Hubbard was forty-nine-years-old.

In his complaint, Skagen charged that he was demoted and constructively discharged because of his age. After discovery, Sears filed a motion for summary judgment on the ground that it had neither demoted nor discharged Skagen when it failed to promote him into the restructured position. Both parties filed statements of undisputed facts as required by Local Rule 12(*l*) and

(m) of the Northern District of Illinois.[1] Skagen's statement included the following concessions: "Fisher did not consider age as one of the criteria in relation to his alleged reorganization. Fisher did not consult personnel records relating to Skagen's age. Fisher did not review anyone[']s age in connection with the alleged reorganization." Plaintiff's Statement of Undisputed Facts, at 23, ¶ 37 (citations to Fisher's deposition testimony omitted).

In a thorough and well-reasoned opinion granting summary judgment in favor of the defendants, the district court zeroed in on these statements. The court stated that these admissions "fatally wounded" Skagen's ADEA claims because they showed that he did not believe that the selection process was motivated by age discrimination or bias. Regarding Skagen's testimony that Weimer told him that age "might be the reason" for the alleged demotion, the court found that Weimer's statement was not probative of Fisher's intent because Weimer was not part of the decision-making process and furthermore the statement was hearsay. The court also stated that use of the indirect method of proof under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), was foreclosed by Skagen's admission because given these stipulated facts Sears could not have acted with the requisite discriminatory animus. Finally, the court rejected Skagen's constructive discharge claim for similar reasons adding that Skagen was not threatened with dismissal or punishment because of his age if he did not retire.

On appeal, Skagen contends that he was demoted and constructively discharged because of age despite the concession in his

1. Rule 12(m), which relates to the non-movant's response to summary judgment, provides:

Each party opposing a Rule 56 motion shall serve and file, together with opposing affidavits (if any) and other materials referred to in Rule 56(e) and a supporting memorandum of law, a concise response to the movant's statement. That response shall contain (1) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references

to affidavits, parts of the record, and other supporting materials relied upon, and (2) a statement, consisting of short numbered paragraphs, of any additional facts which require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. All material facts set forth in the statement required of a moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

Statement of Undisputed Facts that Fisher did not consider age in the reorganization.[2] In his appellate brief, Skagen conspicuously disregards this concession and addresses only the statements regarding Fisher's failure to consult personnel records. Skagen first argues that the facts to which he admitted were merely descriptive and not critical to his claim. Second, Skagen argues that he has made out a prima facie case of age discrimination under *McDonnell Douglas* regarding both the demotion and the constructive discharge. Third, he contends that he need not show that his replacement was outside of the protected class. Finally, he argues that summary judgment is inappropriate in any age discrimination case.

## II. ANALYSIS

When a motion is made for summary judgment in a case, an adverse party may not rest upon mere allegations or denials of the adverse party's pleadings but the adverse party's response must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Further Local Rule 12(m) requires a party opposing a motion for summary judgment to file, in addition to the evidentiary materials allowed by Rule 56(e), a response listing the factual assertions by the movant with which the opponent disagrees. *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1102 (7th Cir.1990). The list must be supported by specific references to the evidentiary materials relied on and must set forth any additional facts that require denial of summary judgment, also supported by specific references to the record. Any facts asserted by the movant and not contradicted in the manner specified by the rule are deemed admitted. Local Rule 12(m); *Bell, Boyd,* 896 F.2d at 1102; see also *Morgan v. Harris Trust and Sav. Bank of Chicago*, 867 F.2d 1023, 1027 (7th Cir.1989) (plaintiff's

deposition testimony admits his belief that the selection process was not racially biased or motivated).

*Bell, Boyd* concerned a suit brought by a client's former attorney to recover fees. The former client in a response to the law firm's motion for summary judgment either admitted facts that were asserted by the law firm or took issue with immaterial factual assertions. 896 F.2d at 1103. The client also denied that the fees were reasonable but made no reference to supporting materials. This court affirmed the dismissal of the suit pursuant to Local Rule 12(m) because the defendant "conceded the essential elements of the law firm's suit—that he agreed to pay it for its services at its regular rates and that those services were performed as agreed with excellent results." The rest of the appeal, the court stated, was "carping and nitpicking." *Bell, Boyd,* 896 F.2d at 1104.

This case presents a similar problem. Like the nonmovant in *Bell, Boyd,* Skagen asks that he not be bound by his concession regarding an essential element of his claim. Put another way, he asks this court to conclude that age discrimination existed despite the admitted absence of any consideration of age in the reorganization. This argument is untenable under *Bell, Boyd.*

Skagen contends that his concessions were harmless because he seeks to prove discrimination indirectly under *McDonnell Douglas.* A person does not have a meritorious ADEA claim simply because he or she is over the age of forty and has been demoted, transferred, or discharged. Under 29 U.S.C. § 623(a), age must be a determining factor before reaching the threshold of the *McDonnell Douglas* analysis.[3] Having conceded that age was not a factor, the plaintiff cannot prove discrimination through either direct or indirect proof. Therefore the court need not

---

**2.** In his appellate brief, Skagen has not complied with Fed.R.App.P. 28(a)(3), which requires "a statement of the facts relevant to the issues presented for review, with appropriate references to the record." Skagen included no statement of facts in his brief and merely referred the court to his infamous Statement of Undisputed Facts filed in the district court, which he

attached as an appendix. We do not approve of this format. The lack of a proper statement of facts from Skagen made the court's work more difficult and time-consuming. The tactic is also perplexing since that version of facts defeated his case in district court.

**3.** § 623(a) provides that:

address whether Skagen established a prima facie case of demotion or constructive discharge, or whether the defendant articulated a legitimate, non-discriminatory reason for selecting Hubbard. For the same reason, the court need not address Skagen's argument regarding whether a plaintiff must show that the replacement employee is outside of the protected class, that the replacement is younger than forty-years-old, rather than merely younger than the plaintiff.

Finally Skagen argues that summary judgment is always inappropriate in age discrimination cases. He relies on *Kephart v. Inst. of Gas Tech.*, 630 F.2d 1217 (7th Cir.1980) (per curiam), *cert. denied*, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981), which states that "summary judgment is improper in a discrimination case—or any other—if it involves—as it often must—any weighing of conflicting indications of motive and intent." *Id.* at 1218. But in this case there are no conflicting indications of Fisher's motive or intent, because Skagen concedes that Fisher did not consider age. When a party's own admission combined with other undisputed evidence create no genuine issue of fact, summary judgment is most appropriate, even when motive is at issue and all reasonable inferences are drawn in the non-movant's favor. *Morgan*, 867 F.2d at 1027; *Friedel v. City of Madison*, 832 F.2d 965, 974 n. 7 (7th Cir.1987).

## III. CONCLUSION

Because Skagen conceded an essential element to his claim of age discrimination in his Statement of Undisputed Facts, the judgment of the district court granting summary judgment to the defendant is

AFFIRMED.

It shall be unlawful for an employer

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's age;*

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, *because of such individual's age....*
(Emphasis added).