Howard **FLETCHER**, William Marshall and Fred Ray, et al., Plaintiffs–Appellants,

v.

The **KROGER CO.**, an Ohio corporation, Defendant–Appellee.

No. 90–2645.

United States Court of Appeals, Seventh Circuit.

Argued April 12, 1991.

Decided Sept. 3, 1991.

Roger L. Vetter (argued), John Vassen, Vassen & Vetter, Belleville, Ill., for plaintiffs-appellants.

John Gunn, Walker & Williams, Belleville, Ill., K. Peter Schmidt (argued), L. Hope O'Keeffe, Arnold & Porter, Washington, D.C., for defendant-appellee.

Before POSNER, FLAUM and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

The plaintiffs, a class of employees discharged by The Kroger Company (Kroger), brought a suit alleging that Kroger violated several ERISA provisions by administering selectively its Special Retirement Benefits Plan. The district court granted Kroger's motion for summary judgment. For the following reasons, we affirm the judgment of the district court.

## I

## BACKGROUND

### A. *Facts*

The plaintiffs in this action were employed by Kroger in its Gateway Marketing Area of St. Louis and were participants in the Kroger Retirement Benefit Plan. Under the terms of this plan, Kroger retained the "corporate authority to adopt, amend, modify or terminate the Plan." Appellee's Br. at 3. The plan is administered by the Kroger Retirement Committee.

On July 19, 1986, Kroger's board of directors amended the plan to provide early retirement incentive benefits, called "Special Retirement Benefits," to eligible partic-

ipants at specified locations who would elect retirement during a window period that ran from September 8, 1986 through September 19, 1986. These Special Retirement Benefits were designed to encourage voluntary early retirement in an effort to eliminate a work force surplus at several plants. Initially, only employees who worked at corporate headquarters were eligible for such benefits, although the same offer later was extended to eligible employees who worked at certain stores in the Texas Marketing Area.[1]

Kroger announced the termination of its operations in the Gateway Marketing Area on October 7, 1986. The plaintiffs in this case had vested rights both to early retirement benefits and to normal retirement benefits.[2] The plaintiffs were not eligible for the Special Retirement Benefits, however, because they did not work at a location to which Kroger had made these benefits available. The Kroger Retirement Committee thus denied the plaintiffs' request for Special Retirement Benefits. The plaintiffs brought suit, alleging that Kroger's selective administration of the Special Benefits Plan violated several provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461.

### B. *District Court Opinion*

The district court began by rejecting the plaintiffs' contention that Kroger violated 29 U.S.C. § 1054(g), which forbids eliminating or reducing accrued benefits. The court reasoned that, because the plaintiffs had never qualified for the Special Retirement Benefits, their accrued benefits had not been eliminated or decreased. In short, the plaintiffs' benefits remained unchanged. Without a showing that the Special Benefits Plan adversely affected their benefits, the court held that the plaintiffs'

---

1. The Kroger Pension Committee, a committee of the board of directors, had been authorized to extend the Special Retirement Benefits to employees at other locations. The Pension Committee is an entirely distinct entity from the Retirement Committee, which is designated and functions as the plan administrator.

2. All but five of the plaintiffs in this case also received enhanced pension benefits; Kroger conditioned the receipt of these benefits on the signing of a comprehensive general release. Because of our conclusion that the district court correctly determined that the plaintiffs are not entitled to special retirement benefits, we need not address the validity of these waivers.

claim was not actionable under section 1054(g). Mem. op. at 3.

The court also rejected the argument that Kroger breached its fiduciary duty to its employees, in violation of 29 U.S.C. §§ 1103(c)(1) and 1104, by creating a plan that advanced Kroger's business interests. "[A]n employer acts within its fiduciary duty when it discharges its duties under the plan, not when it makes initial decisions as to what the plan will provide." Mem. op. at 4. The court found that Kroger's decision as to which employees would be eligible for the Special Retirement Benefits was a business decision, made by Kroger's board of directors in its capacity as corporate administrator, not as trust fiduciary. However, the Kroger Retirement Committee was acting within the scope of its fiduciary duties when it administered the Special Retirement Benefits to qualified employees and when it refused to allow the plaintiffs in this case to receive these benefits.

Finally, the court found that, because it had continued to use the assets of the pension fund for the exclusive purpose of providing benefits to plan participants, Kroger had not violated 29 U.S.C. § 1103(c). "There have been no allegations that anyone other than eligible Plan participants under the written requirements received Plan benefits." Mem. op. at 6. Finding no genuine issue of material fact, the district court granted Kroger's motion for summary judgment.

## II

## ANALYSIS

The plaintiffs do not argue that they were entitled to the Special Retirement Benefits under the terms established by Kroger. Rather, the plaintiffs challenge Kroger's establishment of the terms themselves. On appeal, the plaintiffs contend that the Supreme Court's decision in *Firestone Tire & Rubber Co. v. Bruch*, 489

U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), requires us to review the decision to deny them Special Retirement Benefits de novo. In *Firestone*, the Court held that the denial of benefits by the administrator of a benefits plan should be reviewed de novo unless the plan gives the administrator "discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115, 109 S.Ct. at 956. Yet *Firestone* "does not bring *design* decisions within ERISA." *Belade v. ITT Corp.*, 909 F.2d 736, 738 (2d Cir.1990) (emphasis supplied). Rather, *Firestone* is limited to questions of plan *interpretation* "and does not purport to expand the scope of ERISA to include design decisions defining the parameters of a program." *Belade*, 909 F.2d at 738.

■ The record makes clear that Kroger's decision to provide Special Retirement Benefits to employees at specified locations was a design decision that did not implicate Kroger's fiduciary duties under ERISA. In reaching this conclusion, we are in accord with the decision of the Second Circuit in *Belade*, the Third Circuit in *Trenton v. Scott Paper Co.*, 832 F.2d 806 (3d Cir.1987), *cert. denied*, 485 U.S. 1022, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1988), and the Fourth Circuit in *Dzinglski v. Weirton Steel Corp.*, 875 F.2d 1075 (4th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 281, 107 L.Ed.2d 261 (1989). "ERISA permits employers to wear two hats, and ... they assume fiduciary status only when and to the extent that they function in their capacity as plan administrators, not when they conduct business that is not regulated by ERISA." *Belade*, 909 F.2d at 738 (citations omitted). "[W]hen an employer decides to establish, amend, or terminate a benefits plan, as opposed to managing any assets of the plan and administering the plan in accordance with its terms, its actions are not to be judged by fiduciary standards." *Musto v. American Gen. Corp.*, 861 F.2d 897, 913 (6th Cir.1988), *cert. denied*, 490 U.S. 1020, 109 S.Ct. 1745, 104 L.Ed.2d 182 (1989).[3]

3. *See also Belade*, 909 F.2d at 738 ("defendant's decision to design a plan for employees in select departments did not give rise to any fiduciary duty under ERISA because the company did not

by virtue of the Program's formation exercise authority or control over 'management' or 'administration' of [the Program]"); *Brown v.*

Because Kroger was not acting as a fiduciary when it determined the availability of the Special Retirement Benefits, it did not violate its fiduciary duty under ERISA by failing to afford these benefits to the plaintiffs.[4]

 That Kroger incidentally benefitted from its selective offer of enhanced retirement benefits is of no moment. The only benefit received by Kroger was the indirect benefit of increased efficiency. *See Trenton*, 832 F.2d at 809. "ERISA was not intended to preclude employers from exercising their business and economic savvy for the interests of the pension plan as well as the interests of the employer." *Hlinka v. Bethlehem Steel Corp.*, 863 F.2d 279, 283 (3d Cir.1988); *see also Dzinglski*, 875 F.2d at 1079 ("Business decisions can still be made for business reasons, notwithstanding their collateral effect on prospective, contingent employee benefits."). As did the Third Circuit in *Trenton*, we reject the argument that an employer's increased efficiency due to its selective offer of enhanced retirement benefits is impermissible under ERISA. Here, the benefits to which the plaintiffs are entitled have not been reduced, only plan beneficiaries will receive funds from the plan, and Kroger's obligation to fund its retirement plans has not been altered. Thus, Kroger has violated neither 29 U.S.C. § 1103 (requiring employers to use the assets of its pension fund for the benefit of the plan participants) nor 29 U.S.C. § 1054(g) (forbidding the elimination or reduction of accrued benefits).

The plaintiffs contend that genuine issues of material fact sufficient to preclude summary judgment remain. Specifically, the plaintiffs argue that issues of material fact exist concerning Kroger's establishment of eligibility requirements for the Special Retirement Benefits. "It is well settled that 'a factual dispute does not preclude summary judgment unless ... the disputed fact is outcome determinative under the governing law.'" *Shlay v. Montgomery*, 802 F.2d 918, 920 (7th Cir.1986) (quoting *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983)). Because we have concluded that questions related to the availability of these benefits implicate plan design decisions that are not regulated by ERISA, we believe that the district court correctly granted Kroger's motion for summary judgment.

### Conclusion

For the reasons stated above, the judgment of the district court is affirmed.

AFFIRMED.

---

*Ampco–Pittsburgh Corp.*, 876 F.2d 546, 551–52 (6th Cir.1989) (Nelson, J., concurring).

**4.** *See Berger v. Edgewater Steel Co.*, 911 F.2d 911, 918 (3d Cir.1990) ("[I]n making the decision as to whether the Employees' retirements were in the company's interest, Edgewater was acting in its capacity as employer and not as a fiduciary under ERISA. ... Since Edgewater, as employer, was not acting as a fiduciary, there was no breach of fiduciary duty under ERISA."), *cert. denied*, —— U.S. ——, 111 S.Ct. 1310, 113 L.Ed.2d 244 (1991).