**WIENCO, INCORPORATED, Plaintiff–Counter/Defendant–Appellant,**

**and**

**Robert E. Wien, an individual, and Bob Wien, Incorporated, doing business as Wienco, Incorporated, an Illinois corporation, Third/Party Defendants–Appellants,**

**v.**

**KATAHN ASSOCIATES, INCORPORATED, a Tennessee corporation, Defendant–Counter/Plaintiff–Third/Party Plaintiff–Appellee.**

**No. 91–3600.**

United States Court of Appeals, Seventh Circuit.

Argued June 8, 1992.

Decided June 25, 1992.

**566**

George L. Grumley (argued), Francesca J. Robertson, Arvey, Hodes, Costello & Burman, Chicago, Ill., for plaintiff-counter/defendant-appellant and third/party defendants-appellants.

Paul F. Donahue (argued), Julie A. Garrison, Helen K. Whatley, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant - counter / plaintiff - third / party plaintiff-appellee.

Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

CUMMINGS, Circuit Judge.

After years of "consistent, wilful and recalcitrant" failure by Wienco and Robert Wien ("the Wien parties") to meet the court's deadlines, the district judge refused to give them any additional post-hoc extensions of time. (Judge Holderman's Statement of Reasons Pursuant to Rule 50 For Granting Katahn's Motion For Summary Judgment, March 12, 1992). The district court explained that its patience had run out "with the stalling, delaying, and nonresponsive approach of the Wienco parties with regard to this litigation." (Judge Holderman's Order Granting Summary Judgment on Behalf of Katahn Associates, August 30, 1991). "Enough is enough," the court remarked, and refused to permit the Wien parties to file a late Rule 12(n) statement. *Id.*

Rule 12(n) of the Rules of the District Court for the Northern District of Illinois provides that "[a]ll material facts set forth in the statement required of the moving party [under Rule 12(m) ] will be deemed to be admitted unless otherwise controverted by the statement of the opposing party." Because the Wien parties failed to file a timely Rule 12(n) statement, the court deemed the facts set forth by Katahn Associates, Inc. ("Katahn") in its 12(m) statement to be undisputed. On the basis of those undisputed facts, which included allegations of fraud and RICO violations, the district court granted a $700,000 summary judgment award on behalf of Katahn.

On appeal, Wienco asserts that the judgment against it constitutes an abuse of discretion, and an infringement on its Fifth Amendment rights under the Due Process clause. We disagree.

### I. Facts

Katahn contends that "the Wien parties *never* met a single pleading deadline in the case, whether imposed by the Federal Rules of Civil Procedure or by the court below. Further, they missed every discovery deadline, including those imposed by court order" (Appellee Br. 4).[1] It is not

---

**1.** Katahn notes that the Wien parties even

missed the deadline for filing their appellate

clear from the record whether the Wien parties missed *every* deadline set by the district court. However, it is clear that the Wien parties consistently, wilfully and recalcitrantly failed to abide by the district court's deadlines. Nearly two years before the defaulted filing in this case, on December 20, 1989, Judge Holderman had granted a default judgment against the Wien parties. On an oral motion made by the Wien parties, Judge Holderman subsequently agreed to vacate that judgment.

In the events relating to the Wien parties' 12(n) statement, the district court gave the Wien parties a July 12, 1991, deadline in which to respond to Katahn's 12(m) statement which accompanied its motion for summary judgment. On July 19, the Wien parties filed a motion seeking 30 additional days in which to file their brief. The district court permitted the extension until August 12, 1991. On August 26, 1991, the Wien parties had not yet filed their response. Two days later the Wien parties requested an additional fourteen days in which to file their 12(n) response. At that time the district court refused to permit any additional untimely filings by the Wien parties, and granted Katahn's motion for summary judgment. On September 10, 1991, the Wien parties moved to vacate that judgment. Judge Holderman denied the motion to vacate on September 17, and granted entry of judgment under Rule 54(b) on September 23.

brief in this Court. (Motion of Plaintiff–Third–Party Defendants–Appellants for Leave to File Brief Instanter, filed Dec. 30, 1991).

**2.** There is some confusion as to whether the district court meant to grant a default judgment or a summary judgment given the Wien parties' 12(n) default. Based on the facts of the case it appears that either judgment may have been warranted. However, given the district court's final order and its statement pursuant to Circuit Rule 50, the judgment granted was summary judgment. Therefore we need not address cases proffered by the Wien parties, such as *Anilina Fabrique de Colorants v. Aakash Chemicals & Dyestuffs, Inc.,* 856 F.2d 873, 880 (7th Cir.1988); *Hal Commodity Cycles Management Co. v. Kirsh,* 825 F.2d 1136, 1139 (7th Cir.1987); *Bieganek v. Taylor,* 801 F.2d 879, 881 (7th Cir.1986); *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,*

## II. Analysis

### A. Abuse of Discretion

The district court granted summary judgment on behalf of Katahn. The court granted that judgment after the Wien parties had defaulted their right to file a statement of disputed material facts when they failed to submit a timely 12(n) statement.[2]

The Wien parties claim that the district judge abused his discretion when he denied them leave to file a late 12(n) statement. They contend that a further extension of time was required because Katahn's 12(m) statement was so detailed, and because of settlement negotiations that were allegedly taking place behind the scenes. However, the district judge did permit the Wien parties' a one-month extension, and he denied the next extension request when even the request itself was untimely. Furthermore, there is no reason that settlement negotiations prevent a party from complying with scheduled court deadlines.[3]

This Circuit has upheld strict enforcement of rule 12(n), even where the parties have not engaged in the type of willful conduct which ordinarily warrants a pure default judgment. See *Maksym v. Loesch,* 937 F.2d 1237, 1240–1241 (7th Cir. 1991). If a summary judgment respondent fails to file a timely 12(n) statement, the uncontroverted statements in the 12(m) statement are deemed admitted. *Appley v. West,* 929 F.2d 1176, 1179 (7th Cir.1991) (per curiam); *Skagen v. Sears, Roebuck &*

726 F.2d 1202, 1205 (7th Cir.1984); and *Ellingsworth v. Chrysler,* 665 F.2d 180, 183 (7th Cir. 1981), because they all concern default judgments.

**3.** The Wien parties improvidently point to two extensions of time sought by Katahn in order to excuse the Wien parties' own failures. But their argument makes them look more, not less culpable. Indeed, Katahn was able to comply with all deadlines or to timely request an extension from the court before the scheduled deadline arrived, even though Katahn's counsel was recovering from a bout with cancer for which he received chemotherapy treatments, and even though his mother passed away during the litigation. The Wien parties, who present no legitimate excuses for their failure to comply with deadlines, look all the worse by the comparison they make.

*Co.*, 910 F.2d 1498, 1500 (7th Cir.1990); *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1102–1104 (7th Cir.1990); *Herman v. Chicago,* 870 F.2d 400, 403–404 (7th Cir.1989). Such enforcement of court filing deadlines is ordinarily justified in light of the district court's significant interest in maintaining the integrity of its calendar.

■ When the judgment entered is a summary judgment based on a defaulted 12(n) filing, rather than a pure default judgment, the district court need not show repeated, wilful and recalcitrant conduct. However, the district court must give its reasons on the merits for granting summary judgment. Strict enforcement of Rule 12(n) does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party. Rather, that failure causes all factual assertions alleged by the opposing party to be deemed admitted. To warrant summary judgment, the district court must make the further finding that given the undisputed facts, summary judgment is proper as a matter of law. See *Herman,* 870 F.2d at 404 (stating that in a summary judgment case "the district court must decide whether the movant has a good legal position"). "Where the evidentiary matter in support of the motion [for summary judgment] does not establish the absence of a genuine issue, summary judgment must be denied *even if no opposing evidentiary matter is presented."* *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970) (quoting the Advisory Committee Note on the 1963 Amendment to subdivision (e) of Rule 56 of the Federal Rules of Civil Procedure). Thus "[a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to appear violated a local rule." *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985). See also *Kaszuk v. Bakery and Confectionery Union & Industry International Pension Fund,* 791 F.2d 548, 558 (7th Cir.1986). Instead, the district judge must find that construing all material facts in the movant's favor as a result of the non-movant's defaulted filing, summary judgment is appropriate. Federal Rules of Civil Procedure Rule 56(e).

■ The district judge originally granted summary judgment on the basis of the "reasons stated [in Katahn's] brief filed on June 12, 1991." Under *DiLeo v. Ernst & Young,* 901 F.2d 624, 626 (7th Cir.), certiorari denied, — U.S. ——, 111 S.Ct. 347, 112 L.Ed.2d 312 (1990), and pursuant to Circuit Rule 50, this Court asked the district judge to set forth his reasons on the merits more fully, which he has subsequently done in detail.

The district court's Rule 50 statement of reasons for granting summary judgment on the merits, coupled with the Wien parties' failure to timely challenge Katahn's factual assertions, justifies the district court's award of summary judgment. Although the Wien parties were given an opportunity to respond to the district court's Rule 50 statement to this Court, they have chosen not to contest on appeal any issues of law as determined by the district court. Therefore, although the Wien parties could have asked this Court to review the district court's legal conclusions, see *e.g., Skagen,* 910 F.2d at 1500–1501, they have not done so and we need not address the district court's judgment any further. Summary judgment was not an abuse of discretion.

**B. Due Process**

■ Wienco claims that the judgment violates its Fifth Amendment Due Process right to try its case on the merits. The right to due process requires adequate notice and a meaningful *opportunity* to be heard. *Burns v. United States,* — U.S. ——, 111 S.Ct. 2182, 2187, 115 L.Ed.2d 123 (1991). A judgment that stems from a party's own wilful failure to avail itself of its opportunity to be heard does not constitute a violation of due process.

*III. Conclusion*

For the foregoing reasons the judgment of the district court will be affirmed.