980 F.2d 733
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joe WOODS a/k/a Larry Eason, Plaintiff/Appellant,
v.
Howard A. PETERS, III, sued as Howard A. Peters, Thea
Chesley, Joe Dillman, et al., Defendants/Appellees.
 No. 91-3199.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1992.*
Decided Nov. 30, 1992.
 
 Before COFFEY, EASTERBROOK and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Joe Woods, an inmate at the Pontiac Correctional Center, filed a lawsuit under 42 U.S.C. § 1983 against thirteen employees of the Illinois Department of Corrections. Woods claimed that the defendants restricted his access to the prison's law library in retaliation against him for filing lawsuits.[1] The district court granted summary judgment in favor of the defendants, finding that neither claim raised a genuine issue of material fact. We affirm.
 
 Background
 
 2
 Woods had several confrontations with the defendants in and around the law library at the Pontiac Correctional Center. As a result, the defendants issued two disciplinary reports and one incident report against Woods. Woods also received a third disciplinary report for possessing a dangerous weapon in his cell. During the investigation of these reports, and after he had been found guilty of violating departmental regulations, Woods was not allowed to enter the law library. Additionally, Woods spent from July 24, 1989 to mid-February 1990 in the segregation unit as punishment for violating departmental regulations. From his cell in the segregation unit, Woods filed a lawsuit against the defendants in October 1989. In his complaint, Woods claimed that the disciplinary reports that had been issued against him were false, and that the defendants had used them as a pretext to restrict his access to the library in retaliation against him for filing lawsuits.
 
 
 3
 The district court found that Woods failed to raise a triable issue of retaliation because he had not shown that his lawsuits were a substantial or motivating factor in the defendants' initiation of disciplinary proceedings against him. Accordingly, the district court entered summary judgment in favor of the defendants.
 
 Analysis
 
 4
 We review de novo the district court's grant of summary judgment. In doing so, we view the facts in the light most favorable to the nonmoving party. Williams v. Anderson, 959 F.2d 1411, 1413 (7th Cir.1992). We will affirm summary judgment if no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
 
 
 5
 "An act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." Matzker v. Herr, 748 F.2d 1142, 1150 (7th Cir.1984); see also Mount Healthy City Sch. Dist. v. Doyle, 429 U.S. 274, 283-84 (1977). It is well-settled that indigent inmates have a fundamental constitutional right of "meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). One way that a prison can provide meaningful access to the courts is by granting indigent inmates access to a law library. Id. at 828. Therefore, summary judgment was improper if Woods raised the inference that the defendants punished him in retaliation for using the library to pursue his ongoing litigation.[2]
 
 
 6
 When a motion is made for summary judgment in a case, the adverse party cannot rest upon mere allegations or denials of the adverse party's pleadings. The adverse party's response must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Skagen v. Sears, Roebuck & Co., 910 F.2d 1498, 1500 (7th Cir.1990). However, in his response to the defendants' motion for summary judgment, Woods did not produce affidavits, depositions, or answers to interrogatories that raised the inference that any of the incidents report had been issued against him in retaliation. Woods only concludes, as he did in his complaint, that the defendants filed the incident reports to retaliate against him for filing lawsuits, and produces no supporting evidence of retaliation.
 
 
 7
 Although Woods need not support his claim of retaliation with direct evidence of the defendants' intent, Woods must allege a chronology of events from which retaliation may be inferred. Benson v. Cady, 761 F.2d 335, 342 (1985). We believe the chronology of events set forth by Woods is insufficient to support an inference of retaliation. The prison's Adjustment Committee granted Woods's hearings before disciplinary actions were taken against him for the incident in the law library on July 6, and for the discovery of a shank in Woods's cell on August 23. We cannot infer that the Adjustment Committee acted in retaliation against Woods in either of these hearings since there is evidence that supports the committee's decisions. See Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). In the hearing on the incident of July 6, two witnesses testified that Woods had obtained the law books from the library without authorization. In the hearing on the incident of August 23, an officer testified that he had found what he believed to be a shank in Woods's cell. The Adjusment Committee also examined a photocopy of the object, and determined that it was, in fact, a dangerous weapon.
 
 
 8
 Woods contends that the correctional officer who refused to allow Woods to enter the law library on July 24 acted with retaliatory intent. However, Woods provides no evidence that the officer was retaliating against him for filing lawsuits. He alleges merely the ultimate fact of retaliation, which is insufficient to trigger an inference of retaliation. Benson, 761 F.2d at 342. We also note that Lieutenant Boland, the correctional officer who prevented Woods from entering the law library and who escorted Woods to the segregation unit that day, had no apparent motive to retaliate against Woods for filing lawsuits. Woods had not named Boland as a defendant in any of his prior lawsuits against employees of the prison. Boland was obeying a direct order from an assistant warden. An assistant warden had circulated a memorandum, which Woods had seen, stating that Woods was not allowed to enter the law library until the investigation of the July 15 incident report was completed.
 
 
 9
 Summary judgment would have been improper had Woods produced evidence raising an inference that he was issued the incident report on July 15 because he exercised his constitutional right of access to the courts. Mount Healthy, 429 U.S. at 283-84. Woods alleged in his complaint that he was issued the incident report in retaliation for filing lawsuits. However, the defendants failed to produce a copy of the report or the results of the investigation of it as support for their motion for summary judgment. Neither the incident report nor the results of the investigation is part of the record. The defendants therefore failed to address Woods's claim of retaliation with respect to the incident report by showing that Woods was issued the incident report for reasons unrelated to the exercise of his constitutional right of access to the courts. However, we cannot consider this claim, because Woods abandoned it by fialing to produce specific evidence showing that it was a genuine issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Skagen, 910 F.2d at 1500.
 
 Conclusion
 
 10
 For the above reasons the district court's grant of summary judgment in favor of the defendants is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Woods also claimed that the defendants restricted his access to the prison's law library in violation of his constitutional right of access to the courts. However, he has abandoned that claim on appeal
 
 
 [2]
 Woods had no constitutional right to use the law library to pursue lawsuits for which he had counsel. See Gometz v. Herman, 807 F.2d 113, 116 (7th Cir.1986). Woods had an attorney in his lawsuit entitled Woods v. Cobb, No. 85-C-8168 (N.D.Ill. Oct. 10, 1989), the lawsuit for which he was preparing when he was denied access to the library. Thus, the defendants did not retaliate against Woods for exercising any constitutional right of access to the courts with respect to Cobb
 Woods also contends that the defendants retaliated against him for filing other lawsuits, for example, Woods v. Peters, No. 89-2178 (C.D.Ill. July 11, 1991). Woods was not represented by counsel in these lawsuits so he was entitled to have access to legal materials to pursue them. Woods was denied access to the library during the course of these lawsuits. However, as discussed below, Woods fails to show that the defendants denied him access to the library in retaliation for filing them.