Edward MacDONALD, James Heffernan, Gene Genovese, Plaintiffs,

v.

COMMONWEALTH EDISON SERVICE ANNUITY FUND, Defendant.

No. 92 C 5720.

United States District Court, N.D. Illinois, E.D.

Jan. 12, 1993.

---

Edward T. Hanley, Jr., Hanley & Spadoro, Chicago, IL, for plaintiffs.

Sharon L. King, Brian J. Gold and Glenn D. Newman, Sidley & Austin, Chicago, IL, for defendant.

## ORDER

NORGLE, District Judge.

Before the court is defendant Commonwealth Edison Service Annuity Fund's ("Fund") motion for summary judgment. The court grants the motion for the following reasons.

## FACTS

Plaintiffs Edward MacDonald, James Heffernan, and Gene Genovese bring this declaratory judgment action alleging a violation of the fiduciary duties formulated by the Employee Retirement Income Security Act ("ERISA"), specifically 29 U.S.C. §§ 1104(a)(1)(A)–(B), (D) and 1106(a)(1)(B)–(C). The defendant Fund is a trust fund established for the payment of service annuities to employees who qualify under the Commonwealth Edison Company Service Annuity System. Plaintiffs, who are union employees of Commonwealth Edison Company ("Edison") and who are participants in the Fund, claim that Edison's offer of early retirement incentive benefits to non-bargaining unit employees, without making

the offer to bargaining unit employees, violates ERISA's fiduciary duties.

In order to cut costs, Edison sought to reduce the number of its nonbargaining unit management employees through voluntary and involuntary terminations. As an incentive to increase the number of voluntary retirements, and to thus reduce the necessity of firing employees, Edison offered increased early retirement benefits to a group of nonbargaining unit management employees on August 4, 1992. The early retirement program provides that an eligible employee's service annuity benefit is increased by an amount calculated by a formula that takes into account, among other factors, the employee's age and length of service with Edison. The program was offered to those who would attain the age of fifty-five and complete at least ten years of credited service with Edison by the end of 1992, as long as they made the election for early retirement by September 22, 1992, and if they retired by December 31, 1992.

On September 10, 1992, the Plan was amended to authorize the payment of additional benefits under the early retirement program. No other amendments were made. As indicated by Edison's Vice President, J. Patrick Sanders, the pension benefits available under the Plan for, and payable from the Fund to, employees ineligible to participate in the early retirement program have not been reduced or changed in any way. Further, Edison's obligation to fund the Plan has not been altered.

## DISCUSSION

■ Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). All reasonable inferences are drawn in favor of the party opposing the motion. *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir.1992). Nevertheless, the nonmoving party is required to go beyond the pleadings with affidavits, depositions, answers to interrogatories, or admissions on file to designate specific facts showing a genuine issue for trial. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991). Presenting a scintilla of evidence will not suffice to oppose a motion for summary judgment. *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir.1991).

■ Importantly, the nonmoving party may not avoid summary judgment by merely resting on the pleadings. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thus, the nonmoving party cannot "sit back and simply poke holes in the moving party's summary judgment motion." *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir.1990). This is especially true where the nonmovant bears the burden of proof on that particular issue. *See Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552 (Rule 56(c) mandates summary judgment in favor of the movant where the nonmovant fails to make a sufficient showing to establish the existence of an element essential to that party's case and where that party bears the burden of proof at trial on that element).

■ To facilitate this notion, the district court's local rule 12(n) requires the nonmovant to file a response to the movant's 12(m) statement of material facts, with specific reference to supporting documentation, and to file a separate statement of additional facts which would require the denial of summary judgment. General Rule 12(n); *see Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1103 (7th Cir.1990). The rigor of this rule is intended to isolate and dispose of factually unsupported claims. Accordingly, the nonmoving party is required to support its position with evidence—as opposed to mere allegations—establishing a genuine issue for trial. Bald denials are thus wholly inadequate responses. Plaintiffs are therefore incorrect in asserting that "it is not [p]laintiffs' burden to raise [a] dispute as to factual issues. It is [the Fund's] burden to dispel all possibility of dispute as to material fact." The

above case law and local rule 12 instruct otherwise.

 Plaintiffs failed to comply with the local rule by balking on their obligation to file a statement of material facts in response to the Fund's 12(m) statement. The well-known consequence of a failure to comply with local rule 12(n) is that each of the properly supported facts contained in the movant's 12(m) statement of material facts is deemed admitted. General Rule 12(n); *Maksym v. Loesch*, 937 F.2d 1237, 1240 (7th Cir.1991); *see Skagen v. Sears, Roebuck & Co.*, 910 F.2d 1498, 1500 (7th Cir.1990) (discussing requirements of then-Rule 12(m), since redesignated as 12(n)). Accordingly, the facts brought forward by the Fund in satisfaction of its burden are considered uncontested.

■ Furthermore, the failure to present any facts (notwithstanding the single affidavit filed with plaintiffs' response to the motion for summary judgment) demonstrates that plaintiffs' case is flaccid. Plaintiffs simply advance no evidence to support their claims that the Fund violated ERISA's fiduciary duty or prohibited transaction provisions. Although the termination of accrued vested benefits would violate the fiduciary duties under ERISA in some circumstances, *see, e.g., Alexander v. Primerica Holdings, Inc.*, 967 F.2d 90, 96 (3d Cir.1992), the Seventh Circuit has made it plain that a decision to create an early retirement incentive benefit plan for a select group of employees while not extending such incentive for another group of employees is not actionable under ERISA, absent a reduction in vested benefits or an alteration of the employer's obligation to fund the plan. *Fletcher v. Kroger Co.*, 942 F.2d 1137, 1139–40 (7th Cir.1991). Essentially, plaintiffs' failure to sufficiently present any evidence to demonstrate the existence of a reduction in vested benefits or a potential alteration of the obligation to fund the plan—all essential allegations in this case on which plaintiffs bear the burden of proof at trial—mandates summary judgment in favor of the Fund.

## CONCLUSION

For the above stated reasons, the Fund's motion for summary judgment is granted.

IT IS SO ORDERED.