4 F.3d 998
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeffrey A. WILDT, Plaintiff,
v.
David GULLEDGE, individually and in his official capacity as
police officer, Defendant-Cross Plaintiff-Appellee,
v.
CITY OF EVANSVILLE, Cross Defendant-Appellant.
 No. 92-4077.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 7, 1993.*
Decided Sept. 10, 1993.
 
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 David Gulledge and fellow Evansville police officer Steven McDaniel were off duty when they became involved in a bar fight with Jeffrey Wildt and Daniel James. Wildt was battered and bloodied in the melee, and his head required stitches. Wildt brought suit under 42 U.S.C. Sec. 1983 against, among others, Gulledge and the City of Evansville ("City"). Gulledge filed a cross-claim against the City, contending that it had a contractual obligation to indemnify him for any liability he might incur in the case.[1] On November 8, 1990, Wildt reached a settlement with most of the defendants, including Gulledge and the City. The settlement was structured in the form of a loan receipt agreement. Gulledge contributed $1,000 of the $7,500 involved in the settlement. R. 10.
 
 
 2
 Gulledge's cross-claim against the City was still pending. Gulledge moved for summary judgment. In its response, the City stated that the court had only one issue to decide: whether Gulledge's actions that night were within the scope of his authority. R. 14. The district court denied the motion on November 26, 1991, reasoning that the evidence before it could support an inference of bad faith on the part of the police officers. Gulledge sought reconsideration. He argued that, given the City's response to his summary judgment motion, the issue of his good faith was not in dispute, only whether his actions were within the scope of his authority. On November 24, 1992, the district court amended its prior order and granted summary judgment in favor of Gulledge. The City now appeals.
 
 
 3
 The City is contractually bound to indemnify Gulledge if his actions on the night in question "were in good faith and performed during the course of official police duty whether on duty or off duty within [his] scope of authority as defined by [law]." R. 12, exhibit, art. XIV. By consent, the parties limited the issue before the district court, and hence this court, to whether Gulledge's actions that night were within the scope of his authority.
 
 
 4
 We are unable to review the issue framed by the parties due to the City's inadequate brief on appeal. After setting forth the standard of review in summary judgment cases and identifying the issue, the remaining portion of the City's argument reads:
 
 
 5
 The District Court correctly determined, when it ruled on November 26, 1991, that summary judgment was inappropriate in determining whether or not the Appellee was acting within the scope of his authority on the evening in question. The factual statements set forth in the Appellant's Response To The Appellee's Motion for Summary Judgment sufficiently raised a dispute as to the issue of whether the Appellee was acting within the scope of his authority. Summary judgment was therefore not a proper method of resolving the dispute as to whether Appellee was acting within the scope of his authority.
 
 
 6
 Appellant Br. 13. The City, the party taking this appeal, cannot simply rely on its pleadings in the district court. Cf. Skagen v. Sears, Roebuck & Co., 910 F.2d 1498, 1500 n. 2 (7th Cir.1990) (disapproving of reliance on Statement of Undisputed Facts filed in district court). The City must explain why Gulledge was not acting within the scope of his authority, and it must identify what legal authority supports this position. See Fed.R.App.P. 28(a)(5). The City does neither. We will not make arguments for the City, nor will we do its research. John v. Barron, 897 F.2d 1387, 1393 (7th Cir.), cert. denied, 498 U.S. 821 (1990). Absent any developed arguments, we must dismiss the appeal. Id.
 
 
 7
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The district court had supplemental jurisdiction over this claim. 28 U.S.C. Sec. 1367(a)