51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Valerie BOSTROM, Plaintiff-Appellant,
v.
NORTHWEST AIRLINES, Defendant-Appellee.
 No. 93-2533.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 24, 1995.*
Decided March 13, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 The district court granted summary judgment for Northwest Airlines ("Northwest") in a cause of action filed by former employee, Valerie Bostrom, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Secs. 621-634. Bostrom appeals, maintaining that Northwest discriminated against her by changing her work duties and work schedule without providing her the same opportunity to transfer out of her position as it afforded younger employees. Although Bostrom raised other claims of age discrimination before the district court including acts of retaliation by Northwest, she has not challenged the court's decision on those claims, and therefore they are waived. Threshermen's Mutual Ins. Co. v. Wallingford Mutual Ins. Co., 26 F.3d 776, 781 (7th Cir.1994). Having reviewed the grant of summary judgment de novo, Schultz v. General Elec. Capital Corp., 37 F.3d 329, 333 (7th Cir.1994), we now affirm.
 
 
 2
 Northwest hired Bostrom at 47 years of age in June 1988 to work in the Milwaukee office as a Grade 6 clerical secretary. Bostrom was scheduled to work from 8:00 a.m. to 4:30 p.m., Monday through Friday. In April 1990, Northwest informed Bostrom that she would be assuming timekeeping duties including the handling of time cards, attendance logs, and the computerized employee scheduling system and that her work schedule would be changed to Tuesday through Saturday from 10:00 a.m. to 6:30 p.m. to accommodate the performance of these new duties. The timekeeping function had been performed previously by Grade 5 employees younger than Bostrom who worked Tuesday through Saturday from 8:00 a.m. to 4:30 p.m. Although Bostrom maintained her Grade 6 classification, some of her secretarial duties were transferred to the Grade 5 clerical position formerly responsible for the timekeeping duties and recently vacated by Linda LaFond. Bostrom, unhappy with her new work schedule, applied for the Grade 5 position, but was passed over in favor of a new hire who was younger than she.
 
 
 3
 In her complaint, Bostrom alleges that Northwest discriminated against her based on age when she was ordered to assume different responsibilities and work different, less favorable hours than those worked by the younger employees when they performed the timekeeping duties. Furthermore, she contends that LaFond and her predecessor were allowed to bid for and obtained other positions in the company whereas Bostrom was turned down for the Grade 5 clerical position based on her age.
 
 
 4
 Because there is no direct evidence of age discrimination in this case, Bostrom relies on the burden-shifting method of proof set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and which has been applied to ADEA claims. Schultz, 37 F.3d at 333. To establish a prima facie case of age discrimination under the ADEA, the plaintiff must show that she is a member of the protected age group, that she was performing to her employer's legitimate expectations, that she was subject to a materially adverse employment action, and that younger employees were treated more favorably.[1] Roper v. Peabody Coal Co., No. 94-2649, slip op. at 2 (7th Cir. Feb. 17, 1995); Flaherty v. Gas Research Institute, 31 F.3d 451, 456 (7th Cir.1994). Once a prima facie case is established, the burden of production then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. Schultz, 37 F.3d at 333. If a legitimate explanation is provided, the presumption of discrimination dissolves, and the burden shifts back to the plaintiff to show that the employer's proffered reasons are a pretext for age discrimination. Id.
 
 
 5
 Northwest explained that the timekeeping duties were reassigned to a Grade 6 position in accordance with the union contract and per the union's request. Bostrom's work hours were changed because of her newly-acquired timekeeping duties and Northwest's need to overlap her work hours with those of employees working the second shift. In granting summary judgment to Northwest, the district court concluded that Bostrom did not present any evidence to rebut Northwest's reasons for modifying her responsibilities and work hours. We agree that Bostrom has not brought forth any evidence from which a reasonable person could infer that Northwest's proffered reasons were pretextual. Courtney v. Biosound, Inc., 42 F.3d 414, 418 (7th Cir.1994). As the district court correctly noted, however, Bostrom's claims also fail for another reason, that being Bostrom's testimony that age was not a factor in Northwest's decisions.
 
 
 6
 To maintain an ADEA claim, the plaintiff must in fact allege that age was a determinative factor in her demotion, transfer, or discharge. 29 U.S.C. Sec. 623(a); see Skagen v. Sears, Roebuck & Co., 910 F.2d 1498, 1500 (7th Cir.1990). Even though Bostrom asserts in her complaint that Northwest discriminated against her based on age, she ascribes entirely different reasons for Northwest's behavior in her deposition.
 
 
 7
 In her deposition, Bostrom contends that the station manager in Milwaukee, George Marinos, was upset with her because she took time off to travel to Northwest's headquarters in Minneapolis to apply for a part-time position as customer service agent. According to Bostrom, Marinos' anger at her for going "behind his back to Minneapolis" was the only reason Marinos insisted on changing her duties to include timekeeping and was the only reason why she was denied the Grade 5 clerical position. (R. 20 at 37-38; 55-56; 242-43). The record indicates that Bostrom was of this opinion even before she filed her federal complaint because in May 1990 she wrote a letter to Alfred Checchi, Northwest's chairman of the board, stating that "[b]ecause I applied for the Customer Service Agent position, I was informed by the Milwaukee management that I would have my job duties changed from secretary to time clerk and hours changed from 8 A.M. to 4:30 P.M. to 10 A.M. to 6:30 P.M." (R. 20 at 132). Bostrom did not waver from her position throughout the deposition, claiming that Marinos was responsible for several other alleged acts of discrimination raised in her complaint solely because he wanted to "hassle" her for going to Minneapolis. (R. 20 at 59-60; 106). Nowhere did Bostrom state that age was a factor in the change of her working conditions.
 
 
 8
 Moreover, Bostrom did not dispute Northwest's proposed finding of fact, see Local Rule 6.05 of the Eastern District of Wisconsin, that Bostrom was denied the Grade 5 clerical position because of her lack of professionalism and flexibility. (R. 19, p 33). Northwest stated that during Bostrom's interview for the position, she replied with short answers, refused to give specifics when asked, and failed to indicate any interest for the position except for the hours it would afford her. (R. 19, p 33). Material facts set forth in a party's proposed findings of fact which remain uncontroverted are deemed admitted. Local Rule 6.05(d); see Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir.1994).
 
 
 9
 "A person does not have a meritorious ADEA claim simply because he or she is over the age of forty and has been demoted, transferred, or discharged." Skagen, 910 F.2d at 1500. Throughout her deposition, Bostrom provided reasons other than age for Northwest's actions. Having made these statements in her deposition, she cannot nullify their effect by conclusorily stating in an affidavit and her proposed findings of fact that Northwest discriminated against her on the basis of age. See Tobey v. Extel/JWP, Inc., 985 F.2d 330, 333 (7th Cir.1993) ("An admission trumps evidence"). Because there is no genuine dispute as to whether age was a factor in Northwest's employment actions, see Fed.R.Civ.P. 56(e), the district court's grant of summary judgment in Northwest's favor is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that either of the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement was filed, and the appeal is submitted on the briefs and the record
 
 
 [1]
 We seriously doubt whether the changes in Bostrom's conditions of employment constitute the type of behavior actionable under the ADEA. The change in Bostrom's schedule to work Saturdays cannot be the basis of an age discrimination claim since her younger predecessors also worked Saturdays when performing the timekeeping duties, (Bostrom's Affidavit, R. 25 at p 14), and there is no indication in the record that they do not work Saturdays in their new positions at Northwest. Furthermore, Bostrom has not shown why the change in duties and slight difference in work hours materially disadvantaged her. Merely establishing that her job responsibilities have been modified without some showing of harm is insufficient to show that she suffered from a materially adverse employment action. Flaherty v. Gas Research Institute, 31 F.3d 451, 456 (7th Cir.1994). Although a plaintiff need not suffer a reduction of benefits or pay to be considered a victim of adverse job action, neither may she sue her employer simply because she dislikes her changed job responsibilities. Crady v. Liberty Nat'l Bank and Trust Co., 993 F.2d 132, 136 (7th Cir.1993) (no adverse action when bank manager is asked to assume different duties as collections officer while retaining same salary and benefits). But see Collins v. State of Illinois, 830 F.2d 692, 704 (7th Cir.1987) (loss of private office and telephone, removal from professional listings as library consultant and relegation from primarily consulting to research work constituted adverse action). Nonetheless, because Northwest did not raise this issue before the district court, it is not the basis of our decision