**Floyd JACOBS, Plaintiff–Appellant,**

v.

**Ernesto VELASCO, et al., Defendants–Appellees.**

**No. 01–4154.**

United States Court of Appeals, Seventh Circuit.

Submitted July 25, 2002 *.

Decided July 25, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. POSNER, Hon. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.

### ORDER

Floyd Jacobs filed this 42 U.S.C. § 1983 action against several Cook County Jail officials, claiming that they acted with deliberate indifference to his back injury. The district court entered summary judgment against him, concluding that he lacked proof that any of the defendants knew of and disregarded a serious risk to his health. Jacobs appeals, but because his appellate brief fails to identify any legal argument, we must dismiss the appeal.

Jacobs' brief fails to comply with Fed. R.App. P. 28(a) in almost all respects. Rather than recount the underlying facts of his case, *see* Fed. R.App. P. 28(a)(7), Jacobs directs our attention to seven separate documents that he filed in the district court, including his complaint, his statement of additional facts, his memorandum in opposition to summary judgment, and his deposition. We have previously condemned this practice as an unacceptable manner of reciting the relevant facts. *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 468 n. 1 (7th Cir.1997); *Skagen v. Sears, Roebuck & Co.*, 910 F.2d 1498, 1500 n. 2 (7th Cir.1990).

Even more detrimental to Jacobs's appeal, however, is his attempt to incorporate by reference all arguments raised in the district court. In the "Argument" portion of his brief, Jacobs states that he "stands on all previous filings which were filed previously and are attached to instant brief at the appendix section herein. The plaintiff-appellant repeats and realleges all argument's [*sic*], statement's [*sic*] and assertions therein." The appendix of Jacobs's brief contains a copy of the memorandum that his attorney filed in opposition to the motion for summary judgment, nine affidavits that were exhibits to the defendants' statement of facts in support of summary judgment, and a copy of the grievance form that Jacobs submitted while detained in jail.

The federal rules do not permit litigants to incorporate by reference the arguments that they made in the district court. Fed. R.App. P. 28(a)(9); *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir.1999); *Pitsonbarger v. Gramley*, 141 F.3d 728, 740 (7th Cir.1998). Because we require that briefs "make all arguments accessible to the judges, rather than ask them to play archaeologist with the record," *DeSilva*, 181 F.3d at 867, we decline to address any issues that Jacobs attempted to raise by incorporating district court filings. *See, e.g., United States v. Brack*, 188 F.3d 748, 759 (7th Cir.1999).

In a section of his brief captioned "points relied upon for reversal," Jacobs identifies as an issue for appeal whether the district court erred in granting summary judgment "without all discoverable materials being tendered." Jacobs does not further explain or develop this contention, and so again we may not consider it on appeal. *Mitchell v. Fairman*, 750 F.2d 806, 807 (7th Cir.1984) ("[G]rounds raised but not argued on appeal are waived."); *Hershinow v. Bonamarte*, 735 F.2d 264, 266 (7th Cir.1984) (refusing to consider a "perfunctory and underdeveloped" claim).

Although we recognize the difficulties that pro se litigants face, we must still ensure compliance with Rule 28. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001). Because we will not consider arguments that are either undeveloped or incorporated by reference, we are left with no legal argument for disturbing

the district court's judgment. The appeal is therefore

DISMISSED.