NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 13, 2008
Decided September 16, 2008

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1915

| | |
|---|---|
| GREGORY JOHNSON,<br>    *Petitioner-Appellant,*<br><br>*v.*<br><br>TERRY L. McCANN, Warden,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 06 C 5352<br><br>Milton I. Shadur, *Judge*. |

## O R D E R

Gregory Johnson, an Illinois prisoner, was convicted after a bench trial of first-degree murder and sentenced to 25 years' imprisonment. The district court denied his petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, adopting outright the state's reasons urging dismissal set forth in its 70-page response. Johnson now seeks a certificate of appealability, but because the district court failed to analyze Johnson's claims and articulate the reasons for its decision, we vacate the judgment and remand the case with instructions that the district comply with the dictates of Circuit Rule 50.

Johnson raised ten claims in his petition. The state, in its response, contended that eight were procedurally defaulted and that the other two failed on their merits. The district court, noting that it was a "major departure" from its usual practice, explained that it was accepting and adopting outright the state's reasons for dismissal because "extraordinary care had been devoted to all the issues." The district court offered no other reason for denying relief under § 2254.

The district court's order does not comport with this circuit's Rules. Circuit Rule 50 provides that "[w]henever a district court resolves any claim or counterclaim on the merits, terminates the litigation in its court (as by remanding or transferring the case, or denying leave to proceed in forma pauperis with or without prejudice), or enters an interlocutory order that may be appealed to the court of appeals, the judge shall give his or her reasons, either orally on the record or by written statement."

We have explained before that a district court who adopts a party's brief outright as the statement of reasons for granting summary judgment fails to fulfill its obligation under Circuit Rule 50. *See Rakestraw v. United Airlines, Inc.,* 981 F.2d 1524, 1527 (7th Cir. 1992); *Wienco, Inc. v. Katahn Associates, Inc.,* 965 F.2d 565, 568 (7th Cir. 1992); *DiLeo v. Ernst & Young*, 901 F.2d 624, 626 (7th Cir. 1990). The same is true when the district court adopts a state's response outright as the basis for dismissing a § 2254 petition. As we have said, "[j]udicial adoption of an entire brief . . . withholds information about what arguments, in particular, the court found persuasive, and why it rejected contrary views." *DiLeo,* 901 F.2d at 626. The district court's order here falls short in this regard. And the appropriate remedy for a violation of Rule 50 is to remand the case for compliance with it. *Sims v. Lucas,* 9 F.3d 1293, 1294 (7th Cir. 1993).

According, we VACATE the judgment and REMAND the case so that the district court may set forth its reasons for dismissing Johnson's § 2254 petition.