Mary Kochton APPLEY,
Plaintiff–Appellee,

v.

Stuart WEST, Individually and as
Trustee of Trust Agreement
# 64306, Defendant–Appellant.

No. 90–1933.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 29, 1991.

Decided April 10, 1991.

Stephen R. Swofford, D. Kendall Griffith, Thomas S. Malciauskas, Donald L. Mrozek, Hinshaw & Culbertson, Chicago, Ill., for plaintiff-appellee.

Stuart West, Chicago, Ill., pro se.

Before WOOD, Jr., FLAUM, and MANION, Circuit Judges.

PER CURIAM.

Defendant Stuart West appeals from the district court's grant of summary judgment awarding $495,000 to plaintiff Mary Appley.[1] This is the second time these parties

1. Although not reflected in the caption, Mary    Kochton Appley died on May 4, 1989. Upon

have appeared before this court. *See Appley v. West*, 832 F.2d 1021 (7th Cir.1987). In *Appley I* we remanded because fact questions remained as to the amount of injury, precluding summary judgment. On remand, the district court awarded damages in the amount of $495,000. We affirm.

## I.

### A. Facts

A brief review of the facts and of our earlier decision in *Appley I* is helpful for the resolution of this appeal. Stuart West was Mary Appley's attorney, financial advisor and the sole individual trustee of two trusts held for Appley's benefit. On West's advice that he could better invest the money, Appley revoked the trusts and placed the monies in three separate bank accounts. West, however, converted much of the money to his own use. Plaintiff initiated this suit against West and the two banks where she deposited her money.[2] She alleged five claims against West: "1) Count I-civil RICO; 2) Count II-fraud and deceit; 3) Count III-negligent misrepresentation; 4) Count IV-breach of fiduciary duty; and 5) Count VI-suit for an accounting." *Appley I*, 832 F.2d at 1024.

In addition to this civil proceeding, the United States brought criminal charges against West. A grand jury returned a twenty-count indictment against West concerning the fraudulent conversion of these funds. Pursuant to an agreement, West pleaded guilty to two counts of mail fraud in violation of 18 U.S.C. § 1341.

During the June 28, 1985 plea hearing, the government and defense counsel agreed that the minimum amount that Mr. West embezzled from Ms. Appley was $495,000.... At the sentencing hearing [on October 7, 1985], the government and defense counsel reached an agreement according to which the

government would submit to the court "its version of the offense which would seek restitution in the amount of $957,-000."

*Appley I*, 832 F.2d at 1023.

### B. Appley I

The appeal in *Appley I* concerned an earlier grant of summary judgment for the plaintiff against West. Appley brought a motion for summary judgment claiming that West's criminal conviction provided the factual basis to prove her civil claims through collateral estoppel. West did not challenge the district court's finding of liability on Counts II, III, IV and VI, "the common law claims." *Id.* at 1025 n. 7. Instead, he argued that the district court could not apply the collateral estoppel doctrine when awarding Appley a judgment for damages. The district court based its damage award on the $957,000 restitution ordered by the criminal court at the October 7, 1985 sentencing hearing which the district court trebled under the RICO count for a total of $2,871,000.

In *Appley I*, this court held that although determinations in criminal proceedings may collaterally estop the relitigation of issues in subsequent civil suits, the district court incorrectly applied the doctrine in this case. Therefore, the grant of summary judgment for the plaintiff was erroneous. For purposes of this appeal (*Appley II*), we need only review our earlier decision's discussion of damages.[3] The amount of damages awarded in *Appley I* was based upon the restitution ordered at the sentencing hearing which occurred three months after West pleaded guilty. In *Appley I* we held:

for the purpose of establishing a fact basis for the plea, the parties agreed at the plea hearing that the minimum amount that Mr. West embezzled from Ms. Appley was $495,000.... We cannot say, after reviewing the transcripts

---

2. The banks and Appley have settled the suit.

motion, her executor, the First National Bank of Chicago, has been properly substituted as the party plaintiff in this action.

3. In *Appley I*, West also challenged the finding of liability on the RICO count. However, we need not discuss *Appley I*'s holding in this respect, because Appley's current motion for summary judgment does not involve the RICO claim.

of the plea hearing and the sentencing hearing, that the issue of the amount of Ms. Appley's injury from Mr. West's acts was actually litigated and decided on the merits and that the amount of the injury was necessary to the guilty plea.... Here, the record shows that, at the sentencing hearing, there was no litigation of the amount of restitution.... It is clear that there was little incentive to litigate the issue aggressively at the sentencing hearing.

Because the amount of restitution was not a material fact of the indictment on which the guilty plea was based, because the issue of the amount of Ms. Appley's injury was not litigated, because Ms. Appley failed in her burden of establishing that the amount of injury was established by the guilty plea, and finally, because, under the facts of this case, the application of preclusion would be unfair, we hold that the district court erred in applying collateral estoppel to grant summary judgment in favor of Ms. Appley in the amount of $2,871,000. An unresolved issue of material fact remains as to the amount in which Ms. Appley was injured by Mr. West's acts.

*Id.* at 1026–27.

*C. Appley II*

This appeal involves another grant of summary judgment in favor of plaintiff Appley. In her motion for summary judgment, Appley sought compensatory dam-

ages in the amount of $495,000 on the four common law counts. (Counts II, III, IV and VI).[4] The amount of damages was based on West's admission during the plea hearing that the minimum amount he stole was $495,000. Appley's motion contained a "Statement of Material Facts" which is required under Local Rule 12(m) of the Northern District of Illinois[5] and documentary evidence to support her position.

West filed a response to plaintiff's motion for summary judgment. In his memorandum, West argued that, because of this court's holding in *Appley I,* the plaintiff was foreclosed from requesting damages based on his admission. He argued that our earlier opinion stated that the amount of damages clearly presented an issue of material fact. Therefore, under the "law of the case doctrine," summary judgment could never be granted on the damage issue.

The district court granted summary judgment to Appley. The district court did not expressly disagree with West's argument. However, the court found that West failed to follow the dictates of Local Rule 12(n) which requires a party opposing summary judgment to submit a statement with supporting materials to create a factual dispute.[6] Local Rule 12(n) specifically states that any material set forth in the moving party's statement will be admitted "unless controverted by the statement of the opposing party." Because West did

---

**4.** Appley argued that West did not appeal the district court's finding of liability on these counts in *Appley I;* therefore, no genuine issue of material fact exists on the question of liability. We agree.

**5.** Local Rule 12 was amended effective June 4, 1990. The district court's order spoke of Local Rule 12(*l*) which has been renumbered as 12(m) by the 1990 amendment. Because the amendment did not change the language of this provision, we will refer to the Local Rule in its amended form.

**6.** This provision of Rule 12 was amended in 1990 with no changes to the text. Formally numbered Local Rule 12(m), we will refer to this provision as 12(n), its amended form.
  Local Rule 12(n) provides:
  Motions for summary judgment; Opposing party. Each party opposing a Rule 56 motion shall serve and file, together with opposing

affidavits (if any) and other materials referred to in Rule 56(e) and a supporting memorandum of law, a concise response to the movant's statement. That response shall contain (1) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and (2) a statement, consisting of short numbered paragraphs, of any additional facts which require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

not provide the court with any statement, as required by Local Rule 12(n), all of the plaintiff's facts were admitted. Thus, there were no genuine issues of material fact. West brought a motion for reconsideration again arguing that this court's opinion in *Appley I* was the law of the case which precluded the court from entering summary judgment on the amount of damages. West alternatively argued that, assuming summary judgment could be entered, he was entitled to contribution from his fellow tortfeasors under Illinois law. The district court denied the request for reconsideration emphasizing that our opinion in *Appley I* discussed only collateral estoppel, not the burdens under Fed.R. Civ.P. 56 and Local Rule 12. The judge also held that West was not entitled to contribution under Illinois law because he was an intentional tortfeasor.

## II.

In reviewing a district court's grant of summary judgment, "our duty is to review *de novo* the record and the controlling law." *Becker v. Tenenbaum–Hill Assoc., Inc.*, 914 F.2d 107, 110 (7th Cir.1990). We will uphold the entry of summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

### A. Law of the Case Doctrine

■ "[M]atters that have been decided on appeal become the law of the case to be followed ... on second appeal.... Of course, the doctrine can be applied only if a party attempts to reargue the *same* matter on second appeal." *Unity Ventures v. County of Lake*, 894 F.2d 250, 252 (7th Cir.1990) (emphasis in original) (citations omitted). Therefore, Appley is foreclosed from arguing only those issues that were actually decided by this court in *Appley I*.

■ In *Appley I*, we held that the restitution ordered at the sentencing hearing was not an amount that was agreed upon or actually litigated. Therefore, West could not be bound to the restitution amount through collateral estoppel. As such, Appley failed to show that there was

no issue of material fact and summary judgment was inappropriate. In *Appley I* this court did mention the $495,000 figure as the amount arrived at and agreed upon at the plea hearing as the *minimum* amount West embezzled. Only the $957,-000 restitution order and the application of collateral estoppel were in issue in *Appley I*. Our opinion in *Appley I* cannot be read as a mandate foreclosing Appley from demonstrating the appropriate amount of damages in a subsequent motion for summary judgment.

In her second motion for summary judgment, the subject of this suit, Appley does not argue that collateral estoppel can be used to determine her damages. Instead, she argues that West's agreement at the guilty plea that he embezzled a minimum of $495,000 constitutes an evidentiary admission. Appley contends that with this admission, there is no dispute that West did indeed steal at least $495,000, the amount of damages now requested. The issue of whether West's statements at the plea hearing constituted an admission was not a question before this court when we decided *Appley I*. Our decision in *Appley I* did not preclude the district court from considering admissions made by West on the subsequent motion for summary judgment.

### B. Sufficiency of West's Response

■ The district court found that Appley met her burden of showing that there was no genuine issue of material fact by supplying a statement of facts with supporting materials that complied with Fed.R.Civ.P. 56 and Local Rule 12(m). The judge also held that because West failed to file any statement raising genuine issues of fact as required by Local Rule 12(n), he admitted that all of the facts contained in Appley's statement were true. Therefore, summary judgment was appropriate. We agree.

This court has upheld the strict application of Rule 12(n). *See Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101 (7th Cir.1990); *Skagen v. Sears, Roebuck & Co.*, 910 F.2d 1498, 1500 (7th Cir.1990). West failed to comply with Rule 12(n). As a result, Appley's allegations, all of which were properly

supported by references to the record or other evidentiary material, were admitted by West.

In his reply brief and at oral argument before this court, West for the first time maintains that the statements he made at the plea hearing cannot be considered an admission of the minimum amount stolen. This argument comes too late. If West disputed the amount claimed by Appley or the evidence which she used to support her claim, he was required under Rule 12(n) to identify and document the dispute when he originally responded to Appley's motion for summary judgment. He did not. The district court properly granted Appley's motion for summary judgment.

### C. Contribution

 West further argues that if found liable, he is entitled to contribution from his fellow tortfeasors under the Illinois Contribution Among Joint Tortfeasors Act, Ill.Rev.Stat., Ch. 70, § 301, *et seq.* West recognizes that under Illinois law, intentional tortfeasors are not entitled to contribution. *Gerill Corp. v. Jack L. Hargrove Builders, Inc.,* 128 Ill.2d 179, 131 Ill.Dec. 155, 167, 538 N.E.2d 530, 542 (1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 243, 107 L.Ed.2d 193 (1989). However, he maintains that he is still entitled to contribution because there has been no specific determination that he was an intentional tortfeasor. This contention completely lacks merit.

In the first motion for summary judgment, which was the basis of the appeal in *Appley I,* West was found liable under the four common law claims, including counts for fraud and for breach of fiduciary duty. He did not appeal that finding of liability. *Appley I,* 832 F.2d at 1025 n. 7. Illinois courts have recognized that common law fraud and breach of fiduciary duty are intentional torts for which a tortfeasor will not be entitled to contribution. *See Gerill Corp.,* 131 Ill.Dec. at 165–67, 538 N.E.2d at 540–42; *Giordano v. Morgan,* 197 Ill. App.3d 543, 143 Ill.Dec. 875, 879, 554 N.E.2d 810, 814 (1990). Clearly, Illinois law does not authorize contribution in this case.

### III.

Our decision in *Appley I* did not preclude Appley from bringing her present motion for summary judgment. In the earlier decision, we held that damages could not be determined through the use of collateral estoppel. We did not decide the issue that was the basis for Appley's second motion, namely, whether West's admission of the minimum amount embezzled constituted a party admission. Accordingly, because the two motions for summary judgment addressed different matters, the law of the case doctrine did not apply. Because West then failed to attach a responsive statement pursuant to Local Rule 12(n) creating a genuine issue of material fact, he admitted all of Appley's allegations. The district court properly granted Appley's motion for summary judgment. Finally, some of West's fraudulent acts are intentional torts. Under Illinois law, intentional tortfeasors are not entitled to contribution.

The decision of the district court is

AFFIRMED.