19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellant,
v.
ONE HELICOPTER, Defendant
APPEAL OF Daniel BONNETTS, Claimant.
 No. 93-2900.
 United States Court of Appeals, Seventh Circuit.
 Argued March 1, 1994.
Decided March 9, 1994.
 
 Before Bauer, Flaum and Easterbrook, Circuit Judges.
 
 ORDER
 
 1
 The Federal Aviation Administration (FAA) received three police reports that a Hughes helicopter had made three unauthorized landings at two restaurants and a residence in suburban Chicago. The pilot was believed to be Richard Randazzo. The FAA launched an investigation. According to its records, the registered owner of the helicopter was James Panoff, although a bill of sale showed that Panoff had sold the helicopter to Dan Bonnetts for $210,000 on December 12, 1989.
 
 
 2
 Every citizen of the United States who owns an aircraft that is not registered under the laws of a foreign country must register the aircraft with the FAA. 49 U.S.C. app. Secs. 1401(a); 1401(b)(1)(A)(i). It is unlawful for any person "who is the owner of an aircraft eligible for registration under [49 U.S.C. app. Sec. 1401,] to knowingly and willfully operate, attempt to operate, or permit any other person to operate such aircraft if such aircraft is not registered under [49 U.S.C. app. Sec. 1401]." 49 U.S.C. Sec. 1472(b)(1)(C). An aircraft that has been used in violation of Sec. 1472(b)(1)(C) may be seized and forfeited by the Drug Enforcement Administration (DEA). 49 U.S.C. app. Sec. 1472(b)(3)(A). After obtaining a warrant authorizing it to do so, the DEA seized the helicopter in October 1990. In November 1990 the government filed a complaint in the district court seeking forfeiture of the helicopter. See 19 U.S.C. Sec. 1604; Fed.R.Civ.P.Supp. Rule C(2). The government alleged that there was probable cause to believe that the helicopter had been used in violation of 49 U.S.C. app. Sec. 1472(b)(1)(C), because Bonnetts was the owner of the helicopter, and he had knowingly and willfully permitted the helicopter to be operated by another person, Randazzo, although it was not registered to its owner as required by 49 U.S.C. app. Sec. 1401(a).
 
 
 3
 Bonnetts filed an answer to the complaint and a claim stating his interest in the helicopter. 19 U.S.C. Sec. 1608; Fed.R.Civ.P.Supp. Rule C(6). His defense was simple: He did not own the helicopter in August 1990 when he gave Randazzo permission to operate it, Panoff did, and the helicopter was registered to Panoff as required by 49 U.S.C. app. Sec. 1401(a).[1] Bonnetts argued that he did not own the helicopter because of a recording problem with the release of an old chattel mortgage on the helicopter, which had been held by a bank in Maryland. The money owed to the bank had been paid, but at the time Bonnetts purchased the helicopter a release had not been recorded with the FAA. Bonnetts' position was that Panoff had promised him good title to the helicopter, so he did not become the owner of it until the recording problem was resolved. This, according to Bonnetts, was not until November 1990, when he received a copy of the release from the bank.
 
 
 4
 The district court entered summary judgment in favor of the government, finding that: (1) because Bonnetts had not filed a response to the government's statement of uncontested facts as required by local rule 12(n), all the facts set forth in the government's statement were deemed admitted, see Appley v. West, 929 F.2d 1176, 1179-80 (7th Cir.1991), and the government's statement established that Bonnetts owned the helicopter when Randazzo piloted it in August 1990; and (2) even if Bonnetts had filed a response the outcome would not have been different because Bonnetts' position that he did not own the helicopter until he received clear title to it was incorrect as a matter of law. This appeal followed.
 
 
 5
 We review the grant of a motion for summary judgment de novo. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), viewing the record and all inferences that may reasonably be drawn from it in the light most favorable to the party against whom judgment was entered. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). We will affirm the judgment only if there is no genuine issue of material fact for a trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 Bonnetts argues on appeal, as he argued below, that whether he owned the helicopter in August 1990 is a disputed factual issue which precludes the grant of summary judgment on the claim that he operated an unregistered helicopter in violation of 49 U.S.C. app. Sec. 1472(b)(1)(C). The statute does not define the term "owner." Bonnetts contends that the appropriate definition is found in state law governing the passage of title to goods in secured transactions. He directs us to 80 ILCS 5/2-401(1) (1993), a provision of the Illinois Uniform Commercial Code governing secured transactions. Section 5/2-401(1) provides in relevant part that "title to goods passes from the seller to the buyer in any manner and on any conditions explicitly agreed by the parties." According to Bonnetts, because he and Panoff explicitly agreed that Panoff would sell him the helicopter with clear title, and title to the helicopter was clouded until he received notice that the bank's lien had been released in November 1990, he did not own the helicopter in August 1990 when he gave Randazzo permission to operate it.
 
 
 7
 In taking this position, Bonnetts equates, we believe incorrectly, an "owner" as that term is used in 49 U.S.C. app. Secs. 1401(a) and 1472(b)(1)(C), with a "holder of clear title." The Secretary of Transportation's regulations which implement the statutory requirement that all aircraft be registered indicate that the term "owner" has a broader meaning than "holder of clear title." Northwestern Flyers, Inc. v. Olson Bros. Mfg. Co., 679 F.2d 1264 (8th Cir.1982), does not, as Bonnetts argues, support the proposition that the definition of an "owner" for purposes of 49 U.S.C. app. Secs. 1401(a) and 1472(b)(1)(C), is dictated by state law. Northwestern Flyers had nothing to do with either of these provisions; it turned on an interpretation of the term "title" in a commercial contract. The result of this case, by contrast, does not depend upon the concept of title, nor does it turn upon an interpretation of the contract of sale between Bonnetts and Panoff. This case is resolved by interpreting the term "owner" as it is used in a federal statute. The Secretary of Transportation's regulations, not state law, are the appropriate source of guidance for this court's interpretation of 49 U.S.C. app. Secs. 1401(a) and 1472(b)(1)(C).
 
 
 8
 The regulations explain that the FAA "issues a Certificate of Aircraft Registration to the person who appears to be the owner on the basis of the evidence of ownership submitted pursuant to Sec. 47.11." 14 C.F.R. Sec. 47.7(c) (1993). Section 47.7(d) provides that "[i]n this part, 'owner' includes a buyer in possession, a bailee, or a lessee of an aircraft under a contract of conditional sale, and the assignee of that person."
 
 
 9
 By January 1990 Bonnetts was a buyer in possession of the helicopter. Bonnetts took possession of the helicopter in November 1989 when he and Panoff entered into an agreement by which Bonnetts agreed to lease, with an option to purchase, the helicopter for $20,000. In December 1990 Bonnetts exercised his option to purchase the helicopter by paying Panoff $190,000. On December 12, 1989, Panoff executed a bill of sale, which Bonnetts received by January 1990. This bill of sale was sufficient evidence of ownership to allow registration the helicopter to Bonnetts. See 14 C.F.R. Secs. 47.11(a); 47.35(a)(1) (1993).
 
 
 10
 The Secretary of Transportation's interpretation of the term "owner" to include a "buyer in possession" must control if it is reasonable. See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 843 (1984). It is. In 1988 Congress amended 49 U.S.C. app. Sec. 1472 to add Sec. (b)(1)(C), making it unlawful for the owner of an aircraft knowingly and willfully to operate or allow another person to operate an aircraft if the aircraft is not registered by the owner primarily to help combat the use of general aviation aircraft to smuggle drugs into the United States. See Federal Aviation Administration Drug Enforcement Assistance Act of 1988, Sec. 7202(a), Pub.L.No. 100-690, 102 Stat. 4424. Certainly if law enforcement authorities suspect that an aircraft is being used to smuggle drugs into the United States, their investigation is made much easier if the name of the aircraft's owner is on file with the FAA. Because someone who purchased and is in possession of an aircraft can use the aircraft for illicit purposes (or authorize another to use the aircraft for such purposes), the Secretary's regulation requiring a buyer in possession of an aircraft to register the aircraft with the FAA is consistent with Congress' intent to combat the use of aircraft for drug smuggling.[2]
 
 
 11
 Bonnetts' remaining contentions lack merit and need not be discussed. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Bonnetts filed his registration as owner of the helicopter with the FAA on January 10, 1991
 
 
 [2]
 Bonnetts' contention that using the definition of owner found in 14 C.F.R. Sec. 47.5(d), is unworkable because, under that definition, any renter or caretaker of an aircraft would have to register the aircraft in his name with the FAA simply is not true. A person need not register the aircraft unless he is buying it. Section 47.5(d) says that "a buyer in possession, a bailee, or a lessee of an aircraft under a contract of conditional sale " must register the aircraft. (Emphasis added)