Willard **MOLLFULLEDA**, Plaintiff,

v.

Al **PHILLIPS**, Chicago Health Clubs, Inc., and Bally's Health and Tennis Corporation, Defendants.

**CHICAGO HEALTH CLUBS, INC.** and Bally's Health and Tennis Corporation, Cross–Plaintiffs and Cross–Defendants,

v.

Al **PHILLIPS**, Cross–Defendant and Cross–Plaintiff.

No. 93 C 5395.

United States District Court, N.D. Illinois, Eastern Division.

April 22, 1994.

Elliot R. Zinger, Elliot Zinger & Associates, Chicago, IL, for plaintiff Willard Mollfulleda.

Shayle P. Fox, Steven H. Kuh, Fox and Grove, Chartered, Chicago, IL, for defendant Al Phillips.

Alan Rosen, Norman Terry Finkel, John Kennedy Chatz, Marcia Topper Wolf, Young, Hauslinger and Rosen, Ltd., Chicago, IL, for defendants Chicago Health Clubs, Inc., Bally's Health & Tennis Corp.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Plaintiff Willard Mollfulleda has sued Defendants Al Phillips, Chicago Health Clubs, Inc. ("CHC") and Bally's Health and Tennis Corporation ("Bally's"), in a three count First Amended Complaint alleging a violation of his equal rights to make and enforce contracts pursuant to 42 U.S.C. § 1981, malicious prosecution, and false arrest. Phillips has filed a Cross-claim against Bally's and CHC (collectively, the "Bally Defendants"); and, the Bally Defendants have filed a Cross-claim against Phillips. Before the Court are three motions: the Bally Defendants' Motion to Dismiss Phillips's Cross claim; Phillips's Motion to Dismiss Counts I and II of the Bally Defendants' Cross-claim, and Phillips's Motion to Dismiss Count III of the Bally Defendants' Cross-claim.[1]

---

1. The Bally Defendants originally filed, on December 6, 1993, a two count Cross-claim against Phillips. Phillips originally moved to dismiss that Cross-claim in its entirety, filing his motion

## I. ALLEGED FACTS

Plaintiff Mollfulleda is a Hispanic of Puerto Rican descent. He was employed as a general manager by Defendant CHC, an Illinois Corporation having its principal place of business in Chicago, Illinois, at one of CHC's clubs. He alleges that during 1988 to 1991 he recruited new members to the club using his ties to Puerto Rican community and thereby dramatically increased the Spanish membership at that club.

Defendant Phillips was employed by Bally's for twenty-nine and a half years; and, during the events leading to Plaintiff's lawsuit, Phillips acted as an officer of Bally's and an agent of both Bally's and CHC. As Bally's Senior Area Director for the Chicago Metropolitan Area, Phillips was in charge of the administration and operations of all Bally's health club facilities in that area, including the club at which Mollfulleda worked. Among Phillips's authorized duties were the hiring, firing, disciplining, and promoting of employees.

Mollfulleda alleges that he often stayed at his club after closing to complete his own work out regime; he alleges that his supervisors were aware of this practice and authorized its continuance. Plaintiff was completing one such workout on December 19, 1991 at approximately 12 a.m. when he was detained inside the facility by two uniformed Chicago Police officers. The police conducted a strip search looking for controlled substances but discovered nothing. After the failed search, one of the officers called Defendant Phillips seeking further instructions. After speaking with Phillips, the police placed Plaintiff in custody for criminal trespass. On December 21, 1991, Phillips terminated Mollfulleda's employment. The criminal trespass charge against Mollfulleda was dismissed on May 6, 1992, when Phillips failed to appear in court to support it.

Mollfulleda has now brought this lawsuit claiming that he had been fired due to his race in violation of 42 U.S.C. § 1981 and that he was subjected to a malicious prosecution and false arrest. He has requested a jury trial on each of the three counts claimed in his First Amended Complaint.

## II. ANALYSIS

### A. Standard on Motions to Dismiss

■ In ruling on a motion to dismiss made pursuant to Rule 12(b)(6), the Court must accept as true all well-pleaded facts and reasonable inferences based on those facts. *Bane v. Ferguson*, 890 F.2d 11, 13 (7th Cir. 1989). However, the Court need not accept as true conclusory legal allegations, *Coronet Ins. Co. v. Seyfarth*, 665 F.Supp. 661, 665 (N.D.Ill.1987), or strain to find inferences from the complaint's allegations, *P & P Mktg., Inc. v. Ditton*, 746 F.Supp. 1354, 1357 (N.D.Ill.1990). A motion to dismiss may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### B. Choice of Law

■ The Bally Defendants' Cross-claim makes claims for indemnity and contribution under 42 U.S.C. § 1981 (1988) and under the common law of the State of Illinois. Defendant Phillips's Cross-claim makes claims for indemnity and contribution under the common law of the State of Illinois and under the Age Discrimination in Employment Act, 29 U.S.C. § 623(d) (1988). In analyzing these claims, the Court looks to federal law to determine the parties indemnity and contribution rights under sections 1981 and 623(d) but looks to the common and statutory law of the State of Illinois to determine such rights under the Illinois common law. *See In re Olympia Brewing Company Securities Litigation*, 674 F.Supp. 597, 608 (N.D.Ill.1987);

on February 1, 1994. The Bally Defendants sought leave to amend their Cross-claim to include a third count against Phillips. With the Court's permission, on February 1, 1994, the Bally Defendants filed that amendment. On March 9, 1994, Defendant Phillips filed his Motion to Dismiss Count III of Bally's Cross-claim.

Although Phillips's original motion was titled Motion to Dismiss Cross-claims of Defendants Chicago Health Clubs, Inc. and Bally's Health and Tennis Corporation, the Court refers to that motion as Defendant Phillips's Motion to Dismiss Counts I and II.

*Central Ill. Sav. & Loan Ass'n v. Dupage County Bank of Glendale Heights,* 622 F.Supp. 1493, 1495 (N.D.Ill.1985).

### C. The Bally Defendants' Motion to Dismiss Defendant Phillips's Cross–Claim

Defendant Phillips has filed a three count Cross–Claim for indemnity, Counts I and II, and for retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The Bally Defendants have filed a Motion to Dismiss the Cross-claim, contending that Phillips has no right of implied indemnity and that Phillips's ADEA claim is barred by the settlement agreement in a prior law suit between the parties.

#### 1. Phillips's Claims for Indemnity

In Counts I and II of his Cross-claim respectively, Phillips claims that he is entitled to be indemnified "pursuant to Bally's bylaws or other corporate documents" and pursuant to 805 ILCS 5/8.75 (Smith–Hurd 1993). The Bally Defendants argue that neither of these allegations is sufficient to establish a right to indemnification. Defendants also argue that Defendant Phillips is not entitled to an implied right of indemnification. As it affects both parties' Cross-claim, the Court addresses this last argument first.

##### a. Implied Indemnification

With the institution of the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/1—100/5 (Smith–Hurd 1993) [hereinafter the "Contribution Act"], formerly Ill. Rev.Stat. ch. 70, paras. 301–305 (1991), the doctrine of "equitable implied indemnity" was abolished. *See American Nat'l Bank & Trust Co. v. Columbus–Cuneo–Cabrini Medical Ctr.,* 154 Ill.2d 347, 181 Ill.Dec. 917, 919, 609 N.E.2d 285, 287 (1992). That doctrine, also known as the "active/passive" negligence doctrine, was based on the injustice in allowing a more culpable or "active" tortfeasor to escape liability based on the plaintiff's choice of which defendant to sue. *See id.* Since the Contribution Act addresses that concern, the doctrine is no longer viable.

However, according to the Illinois Supreme Court, the Contribution Act did not adequately address quasi-contractual cases of vicarious liability and indemnity claims based on such relationships. *See id.* at 920–21, 609 N.E.2d at 288–89. As a result, the Illinois Supreme Court has held that the Contribution Act did not abolish all forms of common law implied indemnity; it acknowledged the viability of implied indemnity actions based on quasi-contractual relationships. *Id.* at 920–21, 609 N.E.2d at 288–89. The *American National* Court specifically held:

> The viability of implied indemnity in the quasi-contractual situation insures that a blameless principal cannot be found legally accountable. We therefore hold that common law implied indemnity was not abolished by the Contribution Act in quasi-contractual relationships involving vicarious liability.

*Id.* at 921, 609 N.E.2d at 289.

In contrast with the Bally Defendants' claim for implied indemnity, which is discussed below, any claim for implied indemnity on Defendant Phillips's part would have to be based on the doctrine of "equitable implied indemnity", since Plaintiff makes no allegation indicating that Phillips might be vicariously liable for the acts of the Bally Defendants. As indicated above, such a cause of action has been abolished. Therefore, to state a claim for indemnity, Defendant Phillips must show that Illinois law permits an action for indemnification based on either, or both, of the allegations contained in his Cross-claim. The Court now turns to those assertions.

##### b. Indemnity Based on Corporate Documents

In Count I of his Cross-claim, Phillips contends that he is entitled to indemnification based on "Bally's bylaws or other corporate documents." (Def. Al Phillips' Cross–Claims Against Defendants Chicago Health Clubs, Inc. and Bally's Health and Tennis Corporation ¶ 9.) Phillips argues that this allegation demonstrates that "Bally's corporate documents expressly provide for indemnity." In the opinion of the Court, Phillips's allegation in paragraph 9 of his Cross-claim is insufficient to state a claim for indemnity. Phillips has made no allegation that he is contractually entitled to be indemnified. Ac-

cordingly, Count I of Phillips's Cross-claim is dismissed.

### c. Statutory Indemnity

■ In Count II of his Cross-Claim, Phillips alleges that he is entitled to be indemnified by Bally's "pursuant to 805 ILCS 5/8.75, against expenses (including attorneys' fees) which he actually and reasonably incurs in connection with these proceedings." (Def. Al Phillips' Cross-Claims Against Defendants Chicago Health Clubs, Inc. and Bally's Health and Tennis Corporation ¶ 14.) Section 5/8.75 says:

> To the extent that a director, officer, employee or agent of a corporation has been successful, on the merits or otherwise, in the defense of an action, suit or proceeding ... or in defense of any claim, issue or matter therein, such person shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith.

805 ILCS 5/8.75 (Smith–Hurd 1993). Phillips alleges that all of his conduct, said to be wrongful by Plaintiff, was performed in good faith within the scope of his duties for CHC. In the opinion of the Court, these allegations are sufficient to state a claim under section 5/8.75 against CHC, an Illinois corporation. The allegations do not state a claim against Bally's, since Bally's is not an Illinois corporation.

The Bally Defendants argue that Phillips released any claim against CHC when he signed a settlement agreement in a prior lawsuit involving Bally's. In that action, filed in September 1992 before this Court, Phillips sought damages for alleged age discrimination under the Age Discrimination in Employment Act ("ADEA").

On December 1, 1992, the parties to that action entered into a settlement agreement titled: Settlement Agreement and General Release. Part of that agreement states as follows:

> 2. a. Phillips ... hereby releases and forever discharges Bally['s] ... from any and all manner of claims ... and any and all actions or causes of action of any nature whatsoever, known or unknown, at law or in equity or by statute, that he now has or that may subsequently accrue to him ... which relate to or arise out of Phillips' employment with or termination from Bally's Health & Tennis Corporation.

(Settlement Agreement and General Release ¶ 2.a.) The Bally Defendants contend that this language bars all of the claims in Phillips's instant Cross-claim.

In response, Phillips argues that each of the claims in his Cross-claim falls within either of two exceptions provided in the settlement contract. The relevant portions of that agreement say:

> 2. c. The mutual general releases provided above in this paragraph shall neither release nor shall be construed as an indemnity for any of the following:     .
>
> .       .       .       .       .
>
> (2) Any acts subsequent to the date of this Settlement Agreement and General Release;
>
> .       .       .       .       .
>
> (4) Any claims for contribution, indemnity, liability or the like arising out of any action brought by a third party ... against either Bally or Phillips which arises out [of] alleged wrongful acts of the other; or
>
> .       .       .       .       .

(Settlement Agreement and General Release ¶¶ 2.c.(2) & (4).) In the opinion of the Court, Phillips's section 5/8.75 claim is permitted by paragraph 2.c.(4) of the Settlement Agreement and General Release. That section clearly exempts any claim for indemnity, like the instant claim, arising out of any action brought by a third party, like the Plaintiff's action, which arises out of alleged wrongful acts of either Bally's or Phillips. There is no indication, as the Bally Defendants argue, that the indemnification exception does not apply to conduct taking place during the course of Phillips's employment. In fact, given paragraph 2.c.(2), such would seem the most logical conclusion.

The Court thus concludes that should Phillips succeed in his defense, he is entitled to indemnification under section 5/8.75.

Accordingly, as to Defendant Phillips's cross-claims for indemnity in Counts I and II, the Bally Defendants' motion to dismiss is granted with respect to Count I, but denied with respect to Count II.

### 2. Defendant Phillips's Claims of Retaliation

■ In Count III of his Cross-claim, Phillips alleges that he requested that the Bally Defendants indemnify him for this lawsuit and that they refused despite the fact that Bally's has indemnified or defended other employees in similar circumstances. Phillips contends that the refusal to indemnify was in retaliation for his previously filed ADEA lawsuit, in violation of 29 U.S.C. § 623(d). That section states:

> It shall be unlawful for an employer to discriminate against any of his employees ... because such individual ... has opposed any practice made unlawful by this section....

29 U.S.C. § 623(d).

The Bally Defendants do not raise a substantive objection to this retaliation claim. Instead, they claim that the claim was released by Phillips when he signed the settlement agreement. There, Phillips disclaimed all claims against Bally its affiliates for "which relate to or arise out of Phillips's employment with or termination from Bally's." However, the settlement agreement excepted "Any acts subsequent to the date of this Settlement Agreement and General Release". If Bally's had the practice, or obligation, of indemnifying former employees, a refusal to indemnify Phillips because of his prior claim would constitute an act after the date of the settlement agreement and is therefore exempted from the release. In effect, while Phillips disclaimed all previous acts said to be discriminatory, he reserved himself the right to seek compensation for new harms. The harm he now alleges is entirely different than that disclaimed. While the current claim may be a difficult claim to prove, it is sufficient to withstand a motion to dismiss.[2]

### 3. Conclusion

Accordingly, as to Defendant Phillips's Cross-claim, the Bally Defendants' Motion to Dismiss is granted with respect to Count I and denied with respect to Counts II and III.

### D. Defendant Phillips's Motion to Dismiss Counts I and II

#### 1. Indemnity and Contribution Under Section 1981

In Count I of his First Amended Complaint, the Plaintiff alleges that Phillips and the Bally Defendants violated the Plaintiff's rights under 42 U.S.C. § 1981 (1988). In Counts I and II of their Cross-claim against Phillips, the Bally Defendants seek contribution and indemnification, respectively, on all Counts in the First Amended Complaint, including Plaintiff's claim under Section 1981. Defendant Phillips has moved to dismiss all the Bally Defendants' claims in those counts. With respect to the Bally Defendants' claims for indemnity and contribution for any liability incurred on Plaintiff's section 1981 claim, Phillips argues that, as a matter of law, those claims may not be pursued. The Court agrees.

■ To justify either a claim for indemnity or for contribution based on liability incurred under section 1981, the Bally Defendants must demonstrate such a right under federal law. *Central Ill. Sav. & Loan Ass'n v. Dupage County Bank of Glendale Heights,* 622 F.Supp. 1493, 1495, 1498 (N.D.Ill.1985). As there is no express right to indemnity or contribution within section 1981 itself, the Bally Defendants must demonstrate such rights based on either an implied right of action or federal common law. *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL–CIO,* 451 U.S. 77, 90–91, 101 S.Ct. 1571, 1580, 67 L.Ed.2d 750 (1981); *Gray v. City of Kansas City,* 603 F.Supp. 872, 873–74 (D.Kan.1985). The Bally Defendants have not provided the Court with any argument or authority in support of any federal right to contribution or indemnity. The Court briefly reviews both possibilities.

---

2. The Court does not address the substantive merits or demerits of the claim because they were not addressed by the parties. Any remain-

ing issues may be addressed on a motion for summary judgment, where appropriate.

■ To determine if a federal statute, in this case section 1981, creates an implied right of action, the Court's task is one of statutory construction seeking to ascertain what Congress intended. *See Northwest Airlines, Inc.,* 451 U.S. at 91, 101 S.Ct. at 1580. Factors relevant to this inquiry include the language of the statute itself, its legislative history, the underlying purpose and structure of the statutory scheme, and the likelihood that Congress intended to supersede or to supplement existing state remedies. *Id.* In the opinion of the Court, none of these factors weigh in favor of an implied remedy. In particular, the Bally Defendants are certainly not members of the class for whose benefit section 1981 was enacted. Any implied right of action theory for indemnity and contribution is therefore rejected. *See Gray v. City of Kansas City,* 603 F.Supp. at 874 (denying an implied right of action under both 42 U.S.C. § 1981 and 42 U.S.C. § 1983).

■ Generally, federal courts have the power to fashion federal common law when a federal rule of decision is "necessary to protect uniquely federal interests" or where Congress has indicated that the courts should develop substantive law, in antitrust or copyright law, for example. *See Central Ill. Sav. & Loan Ass'n v. Dupage County Bank. of Glendale Heights,* 622 F.Supp. at 1499 (quoting *Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 426, 84 S.Ct. 923, 939, 11 L.Ed.2d 804 (1964) and citing *Wheeldin v. Wheeler,* 373 U.S. 647, 652, 83 S.Ct. 1441, 1445–46, 10 L.Ed.2d 605 (1963)). Since the federal interest intended to be protected by section 1981 are not furthered by an indemnification or contribution scheme, and since there is nothing uniquely federal about such a scheme, this avenue is also rejected.[3]

Accordingly, with respect to the Bally Defendants claims for indemnification and contribution for any liability incurred under section 1981, Defendant Phillips's Motion to Dismiss is granted. *See Gray v. City of Kansas City,* 603 F.Supp. at 874–76 (reaching the same result).[4]

2. Liability for Intentional Torts

Defendant Phillips also moves to dismiss the Bally Defendants' claims for contribution under Illinois law for any liability incurred on Plaintiff's claims for false arrest and malicious prosecution. Phillips argues that, as a matter of law, the Bally Defendants' claims must be dismissed because an intentional tortfeasor is not entitled to contribution or indemnity for that tortfeasors intentional torts.

■ Defendant Phillips correctly states the law. An intentional tortfeasor may not seek a contribution for its intentional torts. *Appley v. West,* 929 F.2d 1176, 1180 (7th Cir.1991); *Gerill Corp. v. Jack L. Hargrove Builders, Inc.,* 128 Ill.2d 179, 131 Ill. Dec. 155, 167, 538 N.E.2d 530, 542, *cert. denied,* 493 U.S. 894, 110 S.Ct. 243, 107 L.Ed.2d 193 (1989). Phillips is also correct in his argument that Plaintiff's First Amended Complaint may be read to allege intentional torts on the part of the Bally Defendants. It states:

---

**3.** Defendant Phillips also makes the argument that the Bally Defendants may only be held directly, and not vicariously, liable, thereby preventing an indemnification or contribution claim due to the fact that such a claim cannot be made by an intentional tort feasor. While this argument is true when the party to be held vicariously liable is a municipality, *see Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 735–36, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989), it does not necessarily follow that such is true when the party to be held is a private employer. In some circumstances, the acts of an employee may create section 1981 liability for an employer. *See Vakharia v. Swedish Covenant Hosp.,* 824 F.Supp. 769, 785 n. 1 (N.D.Ill.1993). The merits of any respondeat superior claim by the Plaintiff will be addressed at a later date, where appropriate.

**4.** In *Gray v. City of Kansas City,* 603 F.Supp. 872, 875 (D.Kan.1985), the trial court indicated that it could also look to state law to determine if a claim for indemnity or contribution could be made. This Court declines to do so, as did Judge Ann C. Williams in *Creek v. Village of Westhaven,* No. 83–C–1851, 1989 WL 24088 at *2 (N.D.Ill. March 15, 1989). While it may be argued that state law should be considered given particular language in 42 U.S.C. § 1988 (1988), that section was not meant "authorize the wholesale importation into federal law of state causes of action." *Moor v. Alameda County,* 411 U.S. 693, 703–04, 93 S.Ct. 1785, 1793, 36 L.Ed.2d 596 (1973); *see also Creek v. Village of Westhaven,* at *2 (reaching same conclusion on same grounds).

All actions taken by Defendant Phillips herein described were performed for the benefit of Defendants' [sic] Bally's and CHC, and with their express or implied approval, authority, direction, knowledge, consent and ratification.

(First Am.Compl. ¶ 10.) Given the liberal pleading requirements of *Conley v. Gibson,* the Court holds that these allegations are sufficient to state a claim against the Bally Defendants on a theory other than responde-at superior. Accordingly, to the extent that Plaintiff's First Amended Complaint seeks damages for the intentional torts of the Bally Defendants, they are not entitled to a contribution.

In addition to stating claims against the Bally Defendants based on intentional torts, however, Plaintiff's First Amended Complaint may also be read to state a claim based on respondeat superior. (*See* First Am.Compl. ¶ 9.) In this regard, the Bally Defendants' claims for contribution remain viable.[5]

### 3. Implied Indemnity

■ The Bally Defendants claim that they may seek indemnity from Defendant Phillips on an implied indemnity theory. As indicated above, the institution of the Illinois Contribution Among Joint Tortfeasors Act [the "Contribution Act"], 740 ILCS 100/1—100/5 (Smith–Hurd 1993) the doctrine of "equitable implied indemnity" was abolished, but the doctrine of implied indemnity based on quasi-contractual relations remained viable. *See American Nat'l Bank & Trust Co. v. Columbus–Cuneo–Cabrini Medical Ctr.,* 154 Ill.2d 347, 181 Ill.Dec. 917, 609 N.E.2d 285 (1992).

The quasi-contractual relationship between the Bally Defendants and Defendant Phillips forms the basis of their claim for implied indemnity on the Plaintiff's state law claims. Given that the Plaintiff's complaint, as indicated above, may be read to seek liability from the Bally Defendants on a respondeat superior theory, the Court holds that this implied indemnity action may proceed.

Since Defendant Phillips has not addressed this issue, the Court assumes that it is conceded.

### 4. Conclusion

As to Defendant Phillips's Motion to Dismiss Counts I and II of the Bally Defendants' Cross-claim, the motion is granted with respect to the Bally Defendants' claims for indemnification and contribution based on any section 1981 liability and, to the extent the Bally Defendants have committed intentional torts, with respect to their claims for contribution for those torts. The motion is denied with respect to the Bally Defendants' claims for indemnification and contribution based on any respondeat superior liability they incur for Phillips's state law torts.

### E. Defendant Phillips's Motion to Dismiss Count III

■ Count III of the Bally Defendants Cross-claim alleges that Defendant Phillips violated the parties' settlement agreement reached in a prior action before this Court.

The Bally Defendants contend that Phillips breached paragraph 2.a. of the settlement agreement by filing his three count Cross-claim in this case. As discussed above, Defendant Phillips's three count Cross–Claim sought to allege two claims for indemnification and one claim for retaliation under ADEA. Having dismissed but one of the three claims, the Court concludes that Phillips has not breached the settlement agreement by filing his Cross-claims, even with respect to the dismissed claim, since the Court assumes that such was a legitimate attempt to make an indemnification claim permitted under paragraph 2.a.(4) of the settlement agreement.

Defendant Phillips's Motion to Dismiss Count III is granted.

### III. CONCLUSION

For the foregoing reasons, the Bally Defendants' Motion to Dismiss is granted in part and denied in part. Defendant Phil-

---

5. The parties address themselves in their memoranda solely to the question of whether the Bally Defendants are sued directly or vicariously. To the extent that Defendant Phillips has a different argument preventing the Bally Defendants from seeking a contribution, that argument must be raised at a later date, where appropriate.

lips's Motion to Dismiss Counts I and II is granted in part and denied in part. His Motion to Dismiss Count III is granted.