**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-60316

(Summary Calendar)
_____


ERNEST THOMAS; LARRY THOMAS,

                              Plaintiffs-Appellants,

versus

CAN-DO, INC; WHITE PLAINS ELECTRICAL
SUPPLY COMPANY, INC,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
For the Southern District of Mississippi
(1:94-CV-351-RR)
_____

November 28, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Plaintiffs Ernest and Larry Thomas appeal the district court's grant of summary judgment in favor of Defendants Can-Do, Inc. ("Can-Do") and White Plains Electrical Supply Company, Inc. ("White Plains").  We affirm.

                              I

    Ernest and Larry Thomas operated a tape supply business called

    [*]    Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

Appelton Rubber Company. Larry was authorized by contract to represent Can-Do as an independent sales representative. Pursuant to this contract, the Thomases supplied a shipment of tape to White Plains. White Plains then sold the tape to the United States Department of Defense, which required vendors such as the Thomases to prove or certify the percentage of foreign material in the goods supplied. Although the Thomases knew that the tape they were supplying was manufactured entirely in Mexico, Larry certified that the tape did not contain more than 20% foreign material. A subsequent government investigation disclosed that "Hecho en Mexico" labels had been removed from the tape prior to shipment to the Department of Defense and replaced with "Made in America" labels.

Following a thirteen count indictment handed down by a federal grand jury, Larry pled guilty to knowingly submitting a false claim to the government in violation of 18 U.S.C. § 287, and to concealing the country of origin in violation of 19 U.S.C. § 1304. A jury found Ernest guilty of conspiracy to submit false claims, conspiracy to make false statements, or conspiracy to remove county-of-origin markings in violation of 18 U.S.C. § 371.

The Thomases then filed suit against Can-Do and White Plains alleging that the companies breached their fiduciary duty to the Thomases by failing to disclose that the tape they provided was subject to the standards of the Buy America Act ("BAA"), 41 U.S.C. § 10(a). The Thomases alleged that they did not know that BAA required that the tape be made in America, but that Can-Do and

White Plains knew of this requirement and had a fiduciary duty to disclose it to the Thomases. The Thomases contended that Can-Do and White Plains' failure to inform them of BAA requirements resulted in their criminal convictions. The district court granted Can-Do and White Plains' motion for summary judgment and dismissed the Thomases' claims with prejudice.

We review a district court's grant of summary judgment *de novo*. *Matagorda County v. Russell Law,* 19 F.3d 215, 217 (5th Cir. 1994). "Summary judgment is appropriate if the record discloses 'that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(c)). In reviewing a district court's grant of summary judgment, we apply the same standard of review that the district court applied. "However, when this Court finds 'an adequate, independent basis' for the imposition of summary judgment, the district court's judgment may be affirmed 'regardless of the correctness of the district court's rulings.'" *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 363 (5th Cir. 1995) (quoting *Schuster v. Martin,* 861 F.2d 1369, 1371 (5th Cir. 1988)).

The district court granted summary judgment on the ground that the Thomases were collaterally estopped from asserting that they did not know that the tape they were providing was subject to BAA standards.[1] The district court reasoned that since the Thomases

---

[1] Collateral estoppel applies in criminal and civil cases to bar "relitigation of an issue actually and necessarily decided in a prior action." *Wolfson v. Baker,* 623 F.2d 1074 (5th Cir. 1980), *cert den.,* 450 U.S. 966, 101 S. Ct. 1483, 67 L. Ed. 2d 615 (1981). A guilty plea or a criminal conviction can collaterally estop the relitigation of certain issues in subsequent civil

knew the sale of the tape was subject to BAA, then Can-Do and White Plains' failure to inform them of this could not have breached a duty to them and caused them damages. In this regard, the district court's reasoning is erroneous. While the Thomases were convicted of crimes which required a finding of knowledge of wrongdoing,[2] their convictions did not necessarily determine that they knowingly violated BAA. However, we hold that Can-Do and White Plains are still entitled to summary judgment on other grounds.

A breach of fiduciary duty occurs when a "party breaches the others trust or confidence by affirmatively acting in a way that produces the other party's loss." *Carter Equipment Co. v. John Deere Industrial Equipment Co.,* 681 F.2d 386, 392 (5th Cir. 1982). To establish that a party has breached a fiduciary duty to another, one must establish (1) that a fiduciary relationship existed, (2) that a party has breached its duty under this relationship, and (3)

---

litigation; however, estoppel extends only to those issues that were essential to the plea or conviction. *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 568-69, 71 S. Ct. 408, 414, 95 L. Ed. 534 (1951); *Appley v. West,* 929 F.2d 1176 (7th Cir. 1991); *Alsco-Harvard Fraud Litigation,* 523 F. Supp. 790, 802 (D.D.C. 1981).

[2]     Larry pled guilty to 18 U.S.C. § 287 which makes it a crime to *knowingly* make a false statement to a department or agency of the United States government and to Title 19, section 1304(a) which makes it a crime to *knowingly* and intentionally deface, destroy, remove, alter, cover, obscure or obliterate a country of origin mark.
A jury convicted Ernest of conspiring to commit an offense against the laws of the United States. The district court instructed the jury that to find Ernest guilty they would have to find that the government had proven beyond a reasonable doubt that (1) two or more persons made an agreement to submit false claims, make false statements, and remove country of origin markings; (2) the defendant *knew* the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and (3) one of the conspirators during the existence of the conspiracy *knowingly* committed at least one of the overt acts described in the indictment in order to accomplish some object or purpose of the conspiracy. The court further instructed that a person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of a conspiracy, does not thereby, become a conspirator.

that this breach has caused a party to suffer damages. *See id.* at 390-92. The Thomases allege that Can-Do and White Plains' failure to inform them of BAA standards resulted in their criminal convictions. However, the Thomases' actions were criminal)) knowingly making a false statement to the government, removing country of origin labels, and conspiracy to do the same)) irrespective of whether the tape they provided was subject to BAA or not. As the Thomases themselves make clear, they were not convicted of violating BAA. Can-Do and White Plains are therefore entitled to summary judgment because even assuming, *arguendo*, that Can-Do and White Plains owed the Thomases a fiduciary duty, and even assuming further, that they breached such a duty by not informing them that BAA applied to the sale of the tape, the Thomases fail to satisfy the causation element of the prima facie case for breach of fiduciary duty. Since the Thomases cannot make out a prima facie case, summary judgment as a matter of law is appropriate.

## II

For the foregoing reasons, we affirm the district court's judgment.