**AT & T CORPORATION, Plaintiff,**

v.

**U.S. POSTAL SERVICE, Defendant.**

**No. 96 C 4573.**

United States District Court,
N.D. Illinois,
Eastern Division.

July 31, 1997.

Fay Clayton, Robinson, Curley & Clayton, P.C., Chicago, Ron R. Hutchinson, Gerard F. Doyle, Todd R. Metz, Doyle & Bachman, Washington, DC, for AT & T Corp., plaintiff.

Robert T. Oleszkiewicz, Dennis J. Aukstik, John J. George, Michael Daley, Chris Anthony Leach, Mark G. Vanecko, Richard A. Toth, Catherine Wilson Murnane, Daley & George Ltd., Chicago, IL, for Public Communications Services, intervenor.

Matthew David Tanner, United States Attorney's Office, Chicago, IL, for United States Postal Service, defendant.

## ORDER

GOTTSCHALL, District Judge.

On July 24, 1996, AT & T filed an action for declaratory and injunctive relief relating to a series of sole-source contracts entered into by the defendant, the United States Postal Service, and the intervenor, Public Communication Services ("PCS"), for the management of public pay telephones in various locations across the U.S. This court denied the Postal Service's motion to dismiss on March 20, 1997 and subsequently denied the Postal Service's motion to reconsider on July 28, 1997.

The only remaining motion in this case is AT & T's motion for summary judgment. AT & T asks this court to find that (1) the Postal Service's contracts with PCS are illegal; (2) those contracts must be terminated; (3) the management services and PIC services (primary interexchange carrier services) for 0+ calls be recompeted by the Postal Services; and (4) pending such reprocurement, that services be procured from alleged existing valid contracts, including AT & T's contracts.

The Postal Service opposes AT & T's motion on several grounds. The Postal Service argues that (1) AT & T failed to

follow the Postal Service's mandatory protest procedures and thus its claim is not ripe for judicial review; (2) the Postal Service's contracts with PCS do not involve "purchasing"; (3) AT & T's claim that the Postal Service cannot grant a single contract for pay-phone management and long-distance service lacks a legal basis; and (4) the PCS contracts provide more favorable terms to the Postal Service than AT & T provides. Intervenor PCS further asserts that there are issues of fact regarding whether the contract award was proper and whether the Postal Service had the authority to appoint PCS as the "customer of record."

Summary judgment is appropriate pursuant to Fed.R.Civ.P. 56 if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on the motion, the court will not resolve factual disputes or weigh conflicting evidence. *Sweat v. Peabody Coal Co.,* 94 F.3d 301, 304 (7th Cir.1996). The evidence is considered in the light most favorable to the nonmovant and all justifiable inferences are resolved in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmovant must produce "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

The court has reviewed the parties' submissions and finds that there is a genuine issue of material fact precluding summary judgment. The court will nonetheless briefly address most of the arguments raised by the parties.

First, the Postal Service argues that AT & T failed to exhaust its administrative remedies. "In determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *McCarthy v. Madigan,* 503 U.S. 140, 146, 112 S.Ct. 1081, 1087, 117 L.Ed.2d 291 (1992). Further, "where Congress has not clearly required exhaustion, sound judicial discretion governs." *Id.* at 144, 112 S.Ct. at 1086. The award protest regulations promulgated by the Postal Service do not require exhaustion. The court notes that these protest procedures were not enacted or mandated by Congress which instead delegated authority to the Postal Service to promulgate its own regulations. The Postal Service has provided no supporting material in its regulations or otherwise to show the protest procedures were drafted with any thought toward exhaustion. The Postal Service relies on a statement in the regulations which, in this court's opinion, does not address exhaustion but instead the form of the protest, specifically that a protest "*must* be in writing and filed with the contracting officer or with the General Counsel." PM 4.6.3.a (emphasis added by the Postal Service).

When analyzing exhaustion, the Supreme Court has recognized "three broad sets of circumstances in which the interest of the individual weigh heavily against requiring administrative exhaustion," including (1) where requiring resort to administrative review would result in undue prejudice to a subsequent court action; (2) where there is doubt that the agency could grant effective relief; and (3) where the administrative review would be inadequate because the agency has shown bias or has predetermined the issue. *Id.* at 146–48, 112 S.Ct. at 1087–88. The court concludes that AT & T need not have

exhausted its claim via the protest procedures because they failed to offer an adequate remedy under the facts of this case. The regulations specifically require a bid protest to be brought within fifteen (15) days after the contract award. PM 4.6.4.d. However, it appears that AT & T was not even aware of any awards until November 1, 1995, well after the protest deadline for most of the awards. Therefore, the court finds that AT & T was not required to exhaust its administrative remedies before initiating the instant action.

■ The Postal Service's second argument, that the contract with PCS to manage public pay phones on Postal Service property is not a "purchase" within the meaning of the Procurement Manual, is similarly unpersuasive. The Postal Service's General Counsel's Office has previously applied the Procurement Manual's regulations governing competitive procurements to contracts providing services for 0+ calls from Postal Service pay phones even though the contractor (in that case AT & T) was paid by retention of commissions from the money generated from the calls. *Protest of U.S. Sprint Communications Company*, P.S. Protest No., 91–27, July 15, 1991. The Postal Service and PCS have not persuaded the court that the Postal Service's procurement of pay telephone management services and PIC services is somehow different in the instant case from the procurement in the *Sprint* protest action. Based on a review of the regulations and the *Sprint* decision, the court finds that the Procurement Manual's competitive regulations are applicable to this case.

■ Despite the preceding legal determinations in AT & T's favor, the court finds that AT & T has failed to meet its burden as movant in this matter. AT & T asserts, without support, that the Postal Service unjustifiably awarded the contested contracts "without soliciting any other potential sources and without obtaining any competition for the management services procured." 12(M)¶¶ 9–11. AT & T provides no citations to the record in support of such a statement but simply claims that this statement is undisputed.

Both the Postal Service and PCS dispute AT & T's statement. Although the Postal Service does not provide evidence to controvert this unsupported statement, it properly argues that AT & T has failed to meet its burden as movant. PCS similarly denies AT & T's statement.[1] In its reply, AT & T argues, without evidentiary support, that the discovery documents provided to AT & T by the Postal Service did not contain evidence that the Postal Service solicited competition. However, there are discovery methods, such as a request for admission, which could have easily been used to determine whether or not the Postal Service engaged in competitive solicitation. It appears that AT & T failed to utilize such procedures.

Local Rule 12(M) requires the moving party to submit:

> (3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial.

The result would be different if AT & T had submitted properly supported statements with references to the record and

---

1. PCS additionally asserts that, around November 1995, AT & T and another company, Intera, actively solicited telephone management services contracts from the Postal Service. The court is not persuaded that the facts as presented in PCS's response would raise an issue of fact about whether the Postal Service solicited competitive bids from companies for the service contracts.

other supporting material and the Postal Service had then failed to comply with the similar requirements of Local Rule 12(N). *See, e.g., Appley v. West,* 929 F.2d 1176, 1179–80 (7th Cir.1991). The court finds that AT & T has failed to meet its burden of establishing the absence of a genuine issue of material fact. In light of this finding, the court need not address PCS's arguments regarding the applicability of simplified purchasing procedures to the disputed contracts.

■ The Postal Service and PCS have also specifically responded to AT & T's motion as to Count III. Count III presents a distinct issue from Counts I and II. AT & T alleges in Count III that the Postal Service exceeded its authority in designating PCS as the "customer of record." In the alternative, AT & T challenges the sole-source award and specific designation of PCS as "customer of record" based on a conflict of interest, specifically PCS' pre-existing relationship with Sprint. Based on the record to date, the court does not find adequate support to conclude that the Postal Service has exceeded its authority in making such a designation or that a conflict of interest exists because of some alleged relationship between PCS and Sprint.

Finally, the Postal Service argues that the PCS contracts provide higher commissions to the Postal Service than AT & T provided, thereby meeting the objective of the Postal Service to act "efficiently and effectively to obtain at reasonable cost goods and services of appropriate quality to support its operations as a service to the people of the United States." PM 1.7.1.c. Although such an argument does not support a finding of no liability, it may ultimately be relevant to the extent of AT & T's damages and remedy.

Accordingly, for the reasons stated above, the motion for summary judgment [13–1] is denied.